STATE OF NEBRASKA EX REL. GEORGE L. GLENN, APPELLANT,
v. JENNIE BENNETT, COUNTY SUPERINTENDENT OF SHERIDAN
COUNTY, NEBRASKA, APPELLEE.

55 N. W. 2d 677

Filed November 28, 1952. No. 33223.

*Charles A. Fisher,* for appellant.

*Frank F. Aplan* and *John Keriakedes,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Relator here seeks a writ of mandamus requiring the respondent, a county superintendent of schools, to create a new school district from an existing school district. The trial court denied the writ. Relator appeals. We affirm.

Relator's action is based on the provisions of section 79-402, R. S. Supp., 1951, which became effective March 24, 1951. So far as material here it provides: "The county superintendent shall create a new district from other districts, or change the boundaries of any district upon petitions signed by fifty-five per cent of the legal voters of each district affected. * * * Before the county superintendent authorizes any changes as provided in this section, the county superintendent must fix a date for hearing and give all interested parties an opportunity to be heard at such hearing."

It appears from the evidence that respondent pre-

pared a list of legal voters of the district. Additions to and deletions from this list were made by stipulations at the trial so that it finally showed 185 names. The qualifications of five of these were questioned at the trial, leaving 180 names not questioned. Evidence was offered at the trial that several families of farm laborers moved into the district in the spring of 1951, some of whom had departed therefrom at the time of the trial. Respondent contends that these parties met the qualifications of voters as set out in section 79-427, R. R. S. 1943, and as such, should be counted in determining the total number of legal voters in the district. Relator challenges that contention. We do not decide it. Having reached the conclusion that relator is not entitled to prevail even if his contention is correct, we put aside consideration of the two groups of questioned names and accept, for the purposes of this opinion, the figure of 180 as representing the number of legal voters of the district. Fifty-five percent of 180 is 99.

July 6, 1951, there were presented to the respondent petitions that a "new district be created" from district 30 to consist of lands set out by legal description. At the trial it appears to have been accepted that the petitions contained the names of 105 of the legal voters of the district.

July 10, 1951, three notices were presented to the respondent. These notices recited that upon July 10, 1951, "a petition for the following change in School District Boundaries will be presented to the County Superintendent, to-wit: * * *." This is followed by a description of the land as set out in the petition. They were signed, apparently by the relator, and contained a statement that they were "posted" June 15, 1951, by a legal voter of the district.

July 10, 1951, the relator and others appeared before the respondent, the matter was discussed, and the respondent took the matter under advisement.

July 14, 1951, there were presented to the respondent

"recall petitions" signed by 26 of the 105 signers to the petition whereby they "recall" their names from the petition. It is obvious that "recall" was used here in the sense of "withdraw." Webster's New International Dictionary (2d ed.), p. 2075.

July 16, 1951, there was presented to the respondent an affidavit affirming the time and places of posting the notices.

August 3, 1951, demand was made on respondent that she create the new district in accord with the petition. That demand was refused and this action followed. It is the relator's contention that the statute placed a mandatory duty on the respondent to grant the petition and create the new district, and that the withdrawal petitions came too late and should not have been considered. That question was decided by us in State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626. We there construed section 79-402, R. R. S. 1943, as it existed prior to the 1951 amendment, which added the provision above quoted providing that the county superintendent must fix a date for hearing and give all interested parties an opportunity to be heard.

We there held: "Any signer of a petition to create a new school district from other districts or to change the boundary of any district may withdraw his signature therefrom at any time before the county superintendent has affirmatively acted upon such petition by authoritatively declaring the district created or change made." The decision is controlling here.

When this action was brought the petition had on it 79 names of legal voters. That number is insufficient under the statute. The relator has not shown a right to the writ. The judgment of the trial court is affirmed.

AFFIRMED.