ROBERT RETZLAFF, JR., ET AL., APPELLEES, V. DARELL
SYNOVEC ET AL., APPELLANTS.

132 N. W. 2d 314

Filed January 8, 1965.    No. 35782.

Beech & Webster, Hutton & Hutton, and Richard P.
Garden, for appellants.

Bernard A. Ptak, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
and BROWER, JJ., and POLLOCK and SIDNER, District
Judges.

BOSLAUGH, J.

This is a proceeding in error to review an order of
the county superintendent of Pierce County, Nebras-
ka, merging school district No. 33 of that county into
school district No. 6 of that county.  The parties are
residents and legal voters of the districts involved.  The
district court found generally for the petitioners in
error and reversed the order of the county superintend-
ent.  The motion for new trial of the defendants in error
was overruled and they have appealed.

Section 79-402, R. S. Supp., 1961, provides that the
county superintendent shall change the boundaries of
any district upon petitions signed by 55 percent of the

legal voters of each district affected. Where proper petitions are filed it is the mandatory duty of the county superintendent to order the changes in the boundaries requested in the petitions. Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90.

The record in this case shows that petitions requesting that school district No. 33 be merged into school district No. 6 were signed by legal voters of the districts affected. A notice of the hearing before the county superintendent on the petitions on April 23, 1963, was published on April 18, 1963. Thereafter the county superintendent made the following order:

"Now on this 30th day of April, 1963, this matter came on for decision by the County Superintendent, the meeting for decision as to the sufficiency of the petitions having been continued to this date.

"The County Superintendent, having reviewed the entire matter, and examined the briefs submitted and sought advise (advice) of Counsel finds:

"1. That in the petition from School Dostrict (District) 6, the following are the facts;

"A. That there are 84 qualified voters in District. 6
"B. That there are 73 initial petitioners.
"C. That there are 12 signers of the petition whose names do not correspond to the voters list and must be deleted.
"D. That there are 17 persons who petitioned to have their names removed from the petition, but that four of same were deleted in 'C' above, leaving a balance of 13 more persons to be deleted.
"E. That there remains 48 qualified legal voters on said petition of a total of 84 voters in the District, or 57.1% of the qualified voters are petitioners, and, so far as District 6 is concerned, the merger should be made.

"2. That in the petition from School District #33, the following are the facts:

"A. That there are 43 qualified voters in District. 33

"B. That there are 28 initial petitioners.

"C. That one petitioner, Fred Staver, is not a qualified voter and his name should be stricken from the petition and the list of voters.

"D. That there are 8 persons who asked to have their names deleted from the petition; that one of the said persons name does not correspond with the voters list so must be stricken, leaving 7 to be deleted.

"E. That there are 7 persons who asked their names be added to said petition, one of whom is a questionable legal voter, so it must be omitted, leaving the addition of 6 names.

"F. That there remains on said petition 26 legal voters of said District of a total of 43 legal voters, or 60.4% thereof, and, so far as District 33 is concerned, the merger must be made.

"IT IS THEREFORE ORDERED, that School District #6 and School District #33 be and they hereby are merged and that from this date, School District #6, Pierce County, Nebraska, shall include all of its former territory and, in addition thereto, all of the territory embraced by District #33 Pierce County, Nebraska."

The transcript filed in the district court with the petition in error contains the order of the county superintendent, the petitions, the sworn list of legal voters, and certain other documents. The evidence before the county superintendent at the time of the hearing was not preserved in a bill of exceptions. Consequently, there can be no issue in this proceeding concerning the sufficiency of the evidence to sustain the findings of the county superintendent. In the absence of a proper bill of exceptions, it is presumed that the evidence before the county superintendent supports the order which was made. Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58.

Since there is no proper bill of exceptions, the only questions which can be considered are alleged errors of

law that are shown by the transcript of the proceedings before the county superintendent. The petition in error alleged that the county superintendent had counted 6 legal voters of school district No. 33 who had not signed the petition. The district court found that the petition signed by the legal voters of school district No. 33 contained less than 55 percent of the voters of that district.

The order of the county superintendent shows that 6 legal voters who had asked that their names be added to the petition were counted as petitioners. If these names are not included, the petition does not have the required 55 percent.

Prior to 1953, the statute was silent as to the right of a petitioner to withdraw his name from the petition. However, in State ex rel. Glenn v. Bennett, 156 Neb. 258, 55 N. W. 2d 677, and other cases, this court recognized the right of a petitioner to withdraw his name at any time before the petition had been acted upon by the county superintendent. In Hoffman v. Nelson, 1 Neb. Unoff. 215, 95 N. W. 347, this court recognized the right of a petitioner to revoke the withdrawal of his signature before the petition had been acted upon. Although the Hoffman case involved a statute relating to a petition for an election upon the question of the relocation of a county seat, the principle involved is applicable in this case.

In 1953, the statute was amended to provide that: "A signing petitioner shall not be permitted, after the filing of the petition, to withdraw his name therefrom." Laws 1953, c. 295, § 1, p. 999. The purpose of this amendment was to fix the date after which petitioners could not withdraw their names from the petition.

Under section 79-402, R. S. Supp., 1961, a petitioner who had signed the petition at the time it was originally circulated, could ask that his name be withdrawn and then, at any time before the petition was filed with the county superintendent, restore his name to the petition by a revocation of the withdrawal. Thus, in effect,

signatures could be added to the petition after the time that it was originally circulated and before it had been filed.

We think that the intent of the statute was to fix the date of the filing with the county superintendent as the time when the determination should be made as to the legal sufficiency of the number of signatures upon the petition. We conclude that legal voters of school district No. 33 had the right to add their names to the petition at any time before the petition had been filed with the county superintendent.

There being no error apparent upon the record, the order of the county superintendent should have been affirmed. The judgment of the district court is reversed and the cause remanded with directions to enter a judgment affirming the order of the county superintendent.

REVERSED AND REMANDED WITH DIRECTIONS.