IN RE PETITIONS FOR MERGER OF SCHOOL DISTRICTS NOS. 11 AND 26-R OF GOSPER COUNTY, NEBRASKA. OSCAR HARNAPP ET AL., APPELLANTS, V. DORIS E. BIGELOW, COUNTY SUPERINTENDENT OF GOSPER COUNTY, STATE OF NEBRASKA, ET AL., APPELLEES.

133 N. W. 2d 611

Filed March 12, 1965. No. 35851.

Sherwood & Sherwood and James A. Lake, for appellants.

Cloyd E. Clark and Smith Brothers, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is a proceeding in error to review an order of the county superintendent of Gosper County, Nebraska, upon petitions filed under section 79-402, R. S. Supp., 1961. Section 79-402, R. S. Supp., 1961, was amended by chapter 471, Laws 1963, page 1511, which became effective

March 27, 1963. The amendment relates to the attachment of territory not in an organized school district to an organized district and is not involved in this case.

The petitions sought to merge school district No. 11 of Gosper County, Nebraska, into school district No. 26-R of that county. The county superintendent found that less than 55 percent of the qualified legal voters of district No. 26-R had signed the petition circulated in that district and denied the merger of the districts requested in the petitions.

Four of the petitioners who reside in the districts affected by the proposed merger then commenced this proceeding to review the order of the county superintendent. The defendants are the county superintendent, the board of education of the districts affected, the county committee for school district reorganization, and the other legal voters of the districts affected by the proposed merger.

The trial court sustained general demurrers to the petition and amended petition of the plaintiffs. The plaintiffs elected to stand upon their amended petition and the action was dismissed. The plaintiffs appeal.

The controversy concerns the petition signed by legal voters of district No. 26-R. The county superintendent found that there were 34 duly qualified electors residing within district No. 26-R who were entitled to vote on proposals to change the boundaries of the district at the time the petition was filed with the county superintendent; that only 17 valid signatures remained on the petition at that time; and that the petition was insufficient because it did not contain signatures of 55 percent of the legal voters of the district.

The transcript filed in the district court shows that the county superintendent counted Floyd C. Hughbanks, Melva R. Hughbanks, Raleigh D. Nott, and Eleanor C. Nott as legal voters in district No. 26-R. The plaintiffs contend that this was erroneous and that, con-

sequently, the petition circulated in that district contained sufficient signatures.

Mr. and Mrs. Hughbanks and Mr. and Mrs. Nott are residents of district No. 26-R. In 1959, Mr. and Mrs. Hughbanks requested and obtained a transfer for school purposes from district No. 26-R to district No. 30 in Gosper County. Thereafter they filed requests for continuance of the transfer which were approved each year, including 1963.

In 1962, Mr. and Mrs. Nott requested and obtained a transfer for school purposes to district No. 30. A request for a continuance of the transfer was filed and approved in May 1963.

On June 14, 1963, Mr. and Mrs. Hughbanks and Mr. and Mrs. Nott filed requests to withdraw the transfers which had been previously granted and asked the county superintendent to consider them as residents of district No. 26-R the same as though requests for transfer had not been filed by them.

In Farrell v. School Dist. No. 54, 164 Neb. 853, 84 N. W. 2d 126, this court held that there is no provision in the statute for the recall or revocation of the renewal or continuance of a transfer under section 79-482, R. R. S. 1943, and there can be no recall or revocation of the renewal of a transfer. A transfer when renewed is in existence for a period of 1 year and may not be recalled, revoked, or canceled. Consequently, the withdrawals of request for transfer which were filed by Mr. and Mrs. Hughbanks and Mr. and Mrs. Nott on June 14, 1963, were ineffective.

The question remains as to whether Mr. and Mrs. Hughbanks and Mr. and Mrs. Nott were legal voters of district No. 26-R within the meaning of section 79-402, R. S. Supp., 1961. Section 79-101, R. R. S. 1943, provides that, "As used in Chapter 79:  * * *  (3) the terms 'legal voters' or 'electors' mean all who are eligible to vote at an election for school district officers; * * *." Section 79-483, R. R. S. 1943, provides that the parents

of pupils so transferred shall have the right to vote in the district to which the pupils are transferred "on all school matters except those of issuing bonds, levying a tax for building purposes, contracting for instruction, and closing the district."

While the transfers for school purposes were in effect, Mr. and Mrs. Hughbanks and Mr. and Mrs. Nott were eligible to vote at an election for school district officers in district No. 30. They were legal voters of district No. 30 and should not have been counted as legal voters in district No. 26-R by the county superintendent in this case. The finding of the county superintendent that there were 34 legal voters in district No. 26-R was erroneous. With these 4 names eliminated the number of legal voters in district No. 26-R is reduced to 30.

The petition circulated in district No. 26-R originally contained 20 signatures. Thereafter 3 of the signers withdrew their signatures, 2 of the signers moved out of the district, and 2 legal voters requested that their names be added to the petition. At the time the petition was filed with the county superintendent it contained the names of 17 legal voters of district No. 26-R.

The defendants contend that the names added to the petition after it had been submitted to the county committee for school district reorganization should not be counted because the statute at that time did not provide for the addition of names to the petition. In Retzlaff v. Synovec, *ante* p. 147, 132 N. W. 2d 314, we held that under section 79-402, R. S. Supp., 1961, a legal voter may add his name to the petition at any time before it has been filed with the county superintendent. The finding of the county superintendent that the names which were added to the petition after it had been submitted to the county committee and before it had been filed with her should be counted was correct.

The defendants further contend that the order of the county superintendent was correct because the record shows that the petition signed by the legal voters in

district No. 26-R did not contain the signatures of 55 percent of the legal voters of that district at all times after the petition was submitted to the county committee for school district reorganization. The defendants argue that the list of legal voters which was attached to the petition at the time it was submitted to the county committee shows that the petition did not contain sufficient signatures.

Although section 79-404, R. R. S. 1943, requires that a list of the legal voters in each district affected be given to the county superintendent when the petition is presented, the validity or sufficiency of the signatures upon the petition is not determined upon the basis of this list alone. Section 79-402, R. S. Supp., 1961, requires the county superintendent to advertise and hold a hearing for the purpose of determining the validity and sufficiency of the petitions after they have been filed with the county superintendent. . The determination as to validity and sufficiency is made as of the date that the petitions are filed with the county superintendent. Retzlaff v. Synovec, *supra*. Prior to that date signatures may be withdrawn, withdrawals of signatures revoked, and the names of legal voters added to the petition.

The list of legal voters in district No. 26-R which was attached to the petition contains 37 names and the county superintendent found that the petition was accompanied by a sworn list showing 37 legal voters in district No. 26-R. Notations reading "(Transferred out)", "(Moved out)", and "(Moved 4th week in April)" appear opposite 6 of the names on the list.

Although the list attached to the petition now contains 37 names, we think that the record shows that the list contained 33 names at the time the petition was submitted to the county committee and that 4 names were added to the list sometime after the petition had been considered by the state committee. The record does not contain any explanation as to how or why names were added to the list.

The record in this case shows that at the time the petition signed by the legal voters in district No. 26-R was submitted to the county committee, it contained the signatures of 55 percent of the legal voters in that district as shown by the list of legal voters attached to the petition. It is not necessary to determine whether a petition is valid if at the time it is submitted to the county committee it contains the signatures of less than 55 percent of the legal voters in the district, as shown by a list attached to the petition.

From our examination of the record in this case we conclude that it shows that the petition signed by the legal voters in district No. 26-R contained the signatures of 55 percent of the legal voters in that district at the time the petition was filed with the county superintendent. The finding of the county superintendent to the contrary was erroneous.

The amended petition of the plaintiffs states a cause of action and the demurrers of the defendants should have been overruled. The judgment of the district court is reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.