KENNETH REID ET AL., APPELLEES AND CROSS-APPELLANTS, v. LAWRENCE SLEPICKA ET AL., APPELLANTS AND CROSS-APPELLEES, IMPLEADED WITH BERNARD J. KLASEK, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA, ET AL., APPELLEES AND CROSS-APPELLEES.

155 N. W. 2d 799

Filed January 19, 1968. No. 36657.

Jerry L. Snyder, for appellants.

Clarence C. Kunc and Perry, Perry, Sweet & Witthoff, for appellees Reid et al.

Bernard J. Ach, for appellees Klasek et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under section 79-402, R. R. S. 1943, to merge 17 school districts in Saline County and Gage County, Nebraska, into the Wilber, Nebraska, School District. The county superintendents approved the merger as to all districts except School Districts Nos. 75, 87, and 88 of Saline County. From this order, seven of the defendants, who are legal voters in the districts affected, perfected an appeal to the district court for Saline County, Nebraska. An order dismissing the appeal was reversed by this court in School Dist. of Wilber v. Pracheil, 180 Neb. 121, 141 N. W. d 768.

The trial court found that the merger should have been approved as to all districts except School Districts Nos. 87 and 88 of Saline County. The defendants' motion for new trial was overruled and they have appealed.

The statute requires that a list or lists of all the legal voters in each district affected, sworn to by a resident

of the district, be given to the county superintendent when the petitions are presented. § 79-404, R. R. S. 1943. The lists which were filed with the petitions in this case did not include sworn statements that the lists contained the names of *all* the legal voters in the districts. The defendants contend that this was a jurisdictional defect, citing Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90.

The defendants' contention goes only to the form of the sworn statements appearing on the lists. The record shows that the lists filed were in fact complete and actually included the names of all the legal voters.

Olsen v. Grosshans, *supra,* was an error proceeding in which the record failed to show that a complete list of legal voters had been filed with the petition. The case is not controlling here.

The validity and sufficiency of a petition under section 79-402, R. R. S. 1943, are determined by the county superintendent after notice and hearing. The validity or sufficiency of the signatures upon a petition is not determined upon basis of the list of legal voters alone. Harnapp v. Bigelow, 178 Neb. 440, 133 N. W. 2d 611.

We think there has been substantial compliance with the statute when a list of legal voters is filed which is in fact complete. This court should not create jurisdictional requirements in reorganization proceedings which have not been imposed by the Legislature. The lists which were filed in this case were sufficient and the defendants' contention cannot be sustained.

The defendants contend that the trial court should have found that Joseph Kovarik and Carole J. Kovarik were legal voters in School District No. 3 of Saline County, Nebraska. The trial court found that they were not legal voters in School District No. 3 for the purpose of the petitions filed in this proceeding. The sufficiency of the petitions filed by the legal voters of School District No. 3 depends upon this finding being correct.

Mr. and Mrs. Kovarik live upon land which is actually located within School District No. 88, but they had obtained a transfer for school purposes to School District No. 3 under section 79-478, R. R. S. 1943. Section 79-483, R. R. S. 1943, provides that the parents of pupils so transferred shall have the right to vote in the new district on all school matters except those of issuing bonds, levying a tax for building purposes, contracting for instruction, and "closing the district."

The petitions filed in this proceeding sought to dissolve School District No. 3 and attach its territory to the Wilber School District. The effect of the petitions would be "closing the district." For that reason, Mr. and Mrs. Kovarik were not legal voters of School District No. 3 for the purpose of the petitions filed in this proceeding. The finding of the trial court was correct.

Four of the legal voters of School District No. 75, who had signed a petition, filed affidavits with the county superintendent withdrawing their names from the petition. If the withdrawals were effective, the petitions signed by legal voters in School District No. 75 did not contain sufficient signatures. The county superintendents found that the petitions were insufficient, but the trial court held that the petitions contained sufficient signatures.

The affidavits did not state specifically that they had been made under oath or had been sworn to. In fact, each affidavit had been sworn to before a notary public. At the hearing on the motion for new trial the defendants established that the form of affidavit used had been furnished through the office of the county superintendent.

The plaintiffs contend that the withdrawals were not "notarized affidavits" as required by section 79-402, R. R. S. 1943, and were ineffective.

Although the form of affidavit which was used is subject to criticism and might not be effective for other purposes, we believe that the withdrawals should be

held effective under the particular circumstances of this case. We conclude that the petitions signed by legal voters in School District No. 75 did not contain sufficient signatures and that the merger should not have been approved as to School District No. 75.

All of the petitions filed in this proceeding contained a provision that the merger was conditioned upon there being petitions filed by other districts so that "the total assessed valuation of the property within the school district to result by favorable action upon said petition shall have an assessed valuation of not less than the sum of Ten Million Dollars ($10,000,000)." The county superintendents and the district court found that this condition had been satisfied. The finding in each instance was based upon a consideration of the valuation of both tangible and intangible property.

In School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429, this court held that "the total valuation of all property subject to taxation" included both tangible and intangible property.

The petition of the Wilber School District, accepting the petitions of the other districts, contained a finding that petitions had been submitted by the electors of other districts which had an assessed valuation of property such that in the event of favorable action upon the petitions, the district which would result would have an assessed valuation of not less than $10,000,000 "as shown by the following tabulation." The tabulation that followed consisted of a listing of valuations for all districts involved including School Districts Nos. 75, 87, and 88. The amounts which were listed in the tabulation indicate that only the value of tangible property was included in the tabulation. The defendants contend that the petition of the Wilber District was not an unconditional acceptance of the other petitions and that the entire proceeding must fail because the assessed value of tangible property for 1964 in all of the districts in-

volved, excluding Districts Nos. 75, 87, and 88, was slightly less than $10,000,000.

Except for the tabulation appearing in the petition of the Wilber School District, there is nothing in any of the petitions which suggests that only the value of tangible property shall be considered in determining the total assessed valuation of the district to result from the merger. The defendants' assertion that the parties had placed such a construction on the language of the petitions is not supported by the record. The petition of the Wilber School District, when properly considered, is a complete acceptance of the other petitions with an erroneous tabulation of the assessed valuation of the new district. The finding of the district court on this issue was correct.

The plaintiffs contend, by cross-appeal, that the trial court should have disposed of the case under section 79-426, R. R. S. 1943, which provides that the legal organization of a school district shall be presumed when the district has exercised the privileges and franchises of a district for 1 year.

The validity of the organization of the new district has been in litigation since its inception. The statute was not intended to apply where the validity of the organization of the district is in litigation. Generally, supersedeas is not a prerequisite to an appellate review. Burke v. Dendinger, 120 Neb. 594, 234 N. W. 405.

The judgment of the district court should be modified to provide that the merger is not approved as to School District No. 75 of Saline County, Nebraska. The judgment as so modified is affirmed.

AFFIRMED AS MODIFIED.