ALLEN SCHROEDER ET AL., APPELLEES, V. ELMER OELTJEN ET AL., APPELLANTS.

165 N. W. 2d 81

Filed February 14, 1969.   No. 37005.

Moyer & Moyer and Hal B. Hasselbalch, for appellants.

Edward Asche and Perry, Perry, Sweet & Witthoff, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

NEWTON, J.

This is an action involving the reorganization of school districts. Several Class I districts in Colfax, Platte, and Stanton Counties petitioned for a merger with school district No. 39, sometimes referred to as the Leigh District, a Class II district of Colfax County, Nebraska.

At a hearing before the county superintendents of the three counties involved, the petitions were granted and the merger prayed for ordered. Appeal was taken to the district court for Platte County which sustained the action taken by the three county superintendents. We affirm the judgment.

Appellants urged a number of grounds for reversal, several of which are found to be without sufficient merit to warrant discussion herein. It is asserted that appellants were wrongfully denied a jury trial in the district court. Article I, section 6, Constitution of Nebraska, states that the right to trial by jury shall remain inviolate. This constitutional provision merely preserves the right to trial by jury as it existed at common law or by statute, but does not extend this right beyond the limits existing at the time of the adoption of the Constitution. See State v. Hauser, 137 Neb. 138, 288 N. W. 518.

The right to trial by jury in cases such as the one before us was unknown to the common law and was not provided for by statute at or prior to the time of the adoption of our state Constitution. In regard to our present statutes, it may be noted that section 25-1104, R. R. S. 1943, which is our general statute providing for jury trials, fails to specify this type of case as one in which a jury trial may be had as a matter of right. Section 25-1105, R. R. S. 1943, provides that all issues of fact other than those specified in section 25-1104, R. R. S. 1943, shall be tried by the court. It is true that in some instances special statutes provide for trial by jury. There is no such special statute applying to the issues before us. Sections 25-1937, 24-544, and 27-1301 et seq., R. R. S. 1943, provide for appeals from the action taken by a county superintendent in such cases and specify how such appeals shall be completed. We are unable to find anything in these statutes which takes this type of case out of the purview of section 25-1104, R. R. S. 1943, or

which could reasonably be interpreted as requiring a jury trial.

Complaint is made that a motion of appellants to make appellees' petition in the district court more definite and certain was erroneously denied. It is not contended and it does not appear that appellants were prejudiced thereby. In the absence of prejudice, error cannot be predicated upon such a ruling. See, Chicago, B. & Q. R.R. Co. v. Oyster, 58 Neb. 1, 78 N. W. 359; Vaughan v. Omaha Wimsett System Co., 143 Neb. 470, 9 N. W. 2d 792.

It is urged that appellees failed to allege and prove that the petitions of the Class I districts were duly accepted by the Leigh district by "the petition of the school board or the board of education of the accepting district." The petitions were actually accepted by the board of education of the Leigh district, but the acceptances were in the form of resolutions rather than petitions. This contention is without merit. In determining the sufficiency of the proceedings had under the statute, the substance and not the form of the instrument controls. There was an unconditional acceptance of the Class I petitions within the meaning of the statute.

It is contended that the proceedings had necessarily created a new school district because the result effected a change of the Leigh district from a Class II to a Class III district. Due to this change in class, appellants urge that a new district has been created and that the reorganization of the districts involved must fail because the proceedings are not in compliance with requirements of section 79-402.01, R. R. S. 1943, which provides a procedure to be followed when "a new district is to be created from other districts." Appellants overlook the fact that section 79-402, R. R. S. 1943, provides an alternative procedure making it possible to "change the boundaries of any district." It was the apparent intent of all parties to effect a change of boundaries in compliance with the last-mentioned section. The petitions of

the Class I districts are, in substance, for a *change of school district boundaries to effect a merger* and not for the formation of a new school district. A mere change in the classification of a school district does not necessarily result in a new school district being created. A change in classification may result simply from a change of boundaries of an existing district or from a growth of population within a district without any boundary changes. In either event, the original district remains in existence unless specifically dissolved.

It is said that the petition from one of the Class I districts, district No. 37 of Stanton County, Nebraska, is invalid for the reason that two of the petitioners, without whose signatures the petition would fail, received a pecuniary inducement to sign the petition. The evidence on this proposition is in conflict. The trial court found that the petitioners did not sign as the result of any pecuniary inducement or reward. It does not appear that this finding on the part of the trial court is necessarily erroneous and we are inclined to accept this finding. Where the evidence is in irreconcilable conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. See, Onstott v. Olsen, 180 Neb. 393, 142 N. W. 2d 919; Webb v. Lambley, 181 Neb. 385, 148 N. W. 2d 835.

The petitions of the Class I districts provide that they shall be "void unless a total combined valuation of $4,200,000.00 is attained." This provision or condition was complied with but only by the inclusion of intangible as well as tangible property in the valuation. This was a correct procedure for the determination of the valuation of the district. See, School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429; Reid v. Slepicka, 182 Neb. 485, 155 N. W. 2d 799. The contention that petitioners were misled into believing that the petitions referred only to tangible property valuations cannot be

sustained. The petitions do not limit the valuation to that of tangible property and signers are presumed to know the law which fixes the meaning of the term "valuation" as used in school reorganization proceedings.

It appears that the petition circulated in district No. 23 of Platte County, Nebraska, omitted one 80-acre tract of land from the legal description of the district. The error was corrected prior to the filing of the petition with the county superintendent. The error and its correction were circumstances material only to such persons as may have signed the petition prior to its correction and they alone are in a position to make objections to the petition on this ground. No such objections appear and the record does not disclose that this error in any manner affected the actions of petitioners or was an inducement to their signing the petition.

A motion to dismiss this appeal was filed and presented herein. Because of the nature of this action, the motion was taken under advisement until the case could be heard on its merits. A determination on the merits having been made favorable to the moving party, it becomes unnecessary to pass upon the merits of such motion.

No valid grounds for a reversal appearing, the judgment of the district court is affirmed.

AFFIRMED.