OLGA VIRKA ET AL., APPELLANTS, V. EDGAR KNOX, SUPERINTENDENT OF SCHOOLS, SAUNDERS COUNTY, NEBRASKA, ET AL., APPELLEES.
193 N. W. 2d 573

Filed January 14, 1972. No. 38016.

Sidner, Svoboda & Schilke and G. Michael Wiseman, for appellants.

Robert E. Sullivan and Everett O. Inbody, for appellee Knox.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a case involving the procedure for school district reorganization within a county under sections 79-402 to 79-404, R. R. S. 1943, and R. S. Supp., 1969. Boiled down, the essential question involved in this case is whether the county superintendent, in examining the petitions for the reorganization of the school district under the statutes involved, should have taken the date of July 9, 1970, being the date upon which the petitions for reorganization were filed with him, as the date for making a final determination of the validity of the signatures and the number of qualified legal voters in the district. The district court held that the date upon which the petitions were *filed* with the county superintendent on July 9, 1970, was the correct date. We affirm the judgment of the district court.

No challenge is made in this error proceeding as to the compliance by the appellees with the procedural provisions and requirements of section 79-402, R. S. Supp., 1969. The statute provides in part: "Petitions proposing to create a new school district or to change the boundary lines of the existing school districts shall, when signed by at least sixty percent of the legal voters in each district affected, be submitted to the county committee for school district reorganization * * *. The county committee shall, within forty days, review and approve or disapprove such proposal and submit it to the state committee for school district reorganization. The state committee shall, within forty days, review and approve or disapprove the proposal and return said proposal, with any recommendations deemed advisable, to the county committee. The county committee shall, within fifteen days of receipt of the returned proposal, consider the action of the state committee and determine whether to give final approval or disapproval to the proposal. The county committee shall also, within fifteen days of receipt of the returned proposal, advertise and hold a public hearing at which the recommenda-

tions and action of the state and county committees shall be *presented* to the legal voters in attendance. *The county committee shall hold the petitions for ten days following the hearing, at the end of which time the committee shall file the petitions with the county superintendent.*" (Emphasis supplied.)

The county superintendent found that on May 1, 1970, a petition containing the signatures of 35 legal voters, and accompanied by a list of all of the legal voters in said district at that time, shown to be 53, was presented to the secretary of the county committee for reorganization of school districts for Dodge and Saunders Counties. It is apparent from the statutes involved that if the proper date for the determination of the validity of the petition was May 1, 1970, the petition complied with the 60 percent requirement.

But the county superintendent also found that on July 9, 1970, the last date upon which names of legal voters could be added to or deleted from the petition, there were 56 legal voters in the district. In this determination the county superintendent included three persons who had qualified as legal voters in said district after May 1, 1970. On July 9, 1970, the remaining legal signatures on the petition numbered 32, and thus the county superintendent found that the petition was legally insufficient to meet the 60 percent requirement. We have the simple proposition of determining at what point in time the county superintendent should make a final determination both as to the number of valid signatures on the petition and the number of qualified voters against which this number is compared for the determination of the percentage requirement.

We consider our holding in Harnapp v. Bigelow, 178 Neb. 440, 133 N. W. 2d 611, as determinative of the issue in this case. In the Harnapp case this court stated as follows: "Although section 79-404, R. R. S. 1943, requires that a list of the legal voters in each district affected be given to the county superintendent when the

petition is presented, the validity or sufficiency of the signatures upon the petition is not determined upon the basis of this list alone. Section 79-402, R. S. Supp., 1961, requires the county superintendent to advertise and hold a hearing for the purpose of determining the validity and sufficiency of the petitions after they have been filed with the county superintendent. *The determination as to validity and sufficiency is made as of the date that the petitions are filed with the county superintendent.*" (Emphasis supplied.)

It is obvious from reading the above statute what the legislative intent was. The selection of the language used is significant. The statute contemplates that there is an intermediate period of time in which the petition must be sent to the state committee for school district reorganization for the securing of its approval. The statute provides that the petition shall *"be submitted"* to the county committee for school district reorganization. It then provides that within 15 days after receipt of the returned proposal it must advertise and hold a public hearing at which time the "recommendations and action of the state and county committees shall *be presented* to the legal voters in attendance." The statute specifically provides that following compliance with these procedures the committee *"shall file* the petitions with the county superintendent." It therefore becomes clear that by its terms, section 79-402, R. S. Supp., 1969, specifically provides that the petition is not *filed* with (only "submitted" and "presented" to) the county superintendent until it has gone through two county meetings, a state committee meeting, and a hearing has been held. The Harnapp case, *supra,* fixes that date of filing as the time when the county superintendent shall make a determination of both the validity and sufficiency of the petitions.

The record is conclusive that the county committee *filed the petitions* with the county superintendent on July 9, 1970, thus July 9, 1970, rather than May 1, 1970,

is the critical date for the determining of the validity and the sufficiency of the petitions in this case. The district court so held.

Independent of the above analysis, we would be required to reach the same conclusion in the light of the purpose, design, and scheme of the statute. Other statutes and our case decisions have clearly held that signatures of legal voters may be added to or withdrawn from the petitions involved during the period between the time of the presentation to the county superintendent and the time they are finally filed with the officer. To hold that registered voters may change their minds or add their names during this period of time and at the same time hold that a qualified voter could not register and place his name on the petition during the same period of time would be inconsistent with the whole scheme and purpose of the statute. It is apparent to us that the date for both determinations should be the same, namely, the date of the filing of the petitions with the county superintendent. It would disenfranchise qualified voters who had not registered at the time of the presentment of the petitions (May 1, 1970). Such a policy would be contrary to and inconsistent with the designed purpose of the statute to permit and require a public hearing and to allow the qualified voters in the district to make a final judgment on the matter within 10 days after such hearing, and at any time before the fixed date of filing the petition with the county superintendent.

Since July 9, 1970, was the critical date, it becomes unnecessary to examine the factual determination by the county superintendent as to the eligibility of three different voters.

The judgment of the district court in this error proceeding affirming the judgment and findings of the county superintendent is correct and is affirmed.

AFFIRMED.