JANICE ALEXANDER ET AL., APPELLEES, V. SCHOOL DISTRICT No. 17 OF THURSTON COUNTY, NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, ALSO KNOWN AS WINNEBAGO PUBLIC SCHOOLS, ET AL., APPELLANTS.
248 N. W. 2d 335

Filed December 22, 1976. Nos. 40647, 40648, 40649, 40650, 40651, 40652, 40653.

Neil R. McCluhan of Kindig, Beebe, McCluhan, Rawlings & Nieland, for appellants.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

These cases which were consolidated for briefing and argument in this court, arise out of controversies concerning the termination of teachers' contracts. The plaintiffs are teachers who were employed by the defendant school district during the 1974-75 school year.

On April 11, 1975, the board of education of the defendant voted not to renew the plaintiffs' contracts for the next year. Letters dated April 14, 1975, were mailed to each of the plaintiffs advising them that their contracts would not be renewed. Each of the plaintiffs requested a hearing pursuant to section 79-1254, R. S. Supp., 1975. The defendant then notified the plaintiffs that the hearings would be held on April 24, 1975. These notices also contained a statement of the reason or reasons why each contract was not being renewed and a list of the witnesses who would testify for the defendant at the hearing.

On April 24, 1975, counsel representing the plaintiffs called the counsel for the defendant and requested that the hearing be "deferred to a later date." Counsel for the defendant agreed to this request and by agreement

between counsel the hearing was eventually held on June 24, 1975.

Case No. 40647 was filed June 18, 1975, to enjoin the defendant school district and the members of its board from holding a hearing and from interfering with the rights of the plaintiffs to continuing employment with the defendant district during the 1975-76 contract year. The trial court did not grant a temporary restraining order or a temporary injunction. At the hearing on June 24, 1975, the defendant's board heard evidence concerning each of the plaintiffs and then voted to terminate the contract of each plaintiff. The plaintiffs offered no evidence at the hearing.

Case No. 40648 through case No. 40653 are proceedings in error commenced in the District Court to reverse and vacate the actions of the defendant's board terminating the contracts of the plaintiffs. The trial court found generally for the plaintiffs and reversed and vacated the decision of the board terminating the contract of each plaintiff. The trial court found specifically that the actions of the defendant's board were in violation of article 14 of Chapter 84 of the Nebraska statutes and void. The trial court made similar findings in case No. 40647 and restrained the defendants from interfering with the rights of the plaintiffs to continued employment by the defendant school district. The defendants have appealed.

Section 79-1254, R. S. Supp., 1975, which is applicable to Class II and III districts, provides generally that the contract of a teacher who holds a certificate which is valid for a term of more than 1 year shall be deemed renewed until a majority of the members of the school board vote on or before May 15 to amend or terminate the contract. After a contract has been in force for 2 years a contract may not be terminated except for just cause. The secretary of the board is required to notify the teacher in writing not later than April 15 of any conditions of unsatisfactory performance or other con-

ditions which the board considers may be just cause. The teacher has a right to request a hearing before the board within 5 days of the receipt of the notice. If requested, an evidentiary hearing is to be held within 10 days and the decision of the board shall be based upon the evidence produced at the hearing.

The record shows substantial compliance with section 79-1254, R. S. Supp., 1975, by the defendant school district. The action on April 11, 1975, authorized the notice sent to each of the plaintiffs on April 14, 1975. Some of these notices failed to set out the conditions of unsatisfactory performance or other conditions which the statute now requires for nonprobationary teachers under contracts entered into after February 26, 1975. Prior to the 1975 amendment to section 79-1254, R. R. S. 1943, the contract of a teacher in a school district of this class could be terminated for any cause whatsoever, or for no cause at all. Schultz v. School Dist. of Dorchester, 192 Neb. 492, 222 N. W. 2d 578.

In any event, the letters sent to the plaintiffs after they had requested a hearing contained a statement of the reason or reasons why each contract was not being renewed and supplied any deficiency contained in the original notice and served as an amended or substituted notice. The hearing was not held until more than 60 days later and there was no prejudice to the plaintiffs resulting from any deficiency in the original notices.

It is generally held that participation in the hearing waives any defect in the notice. Schrader v. Cameron Township School Dist., 221 Iowa 799, 266 N. W. 473; Van Peursem v. Consolidated Ind. School Dist., 240 Iowa 1100, 38 N. W. 2d 615; Million v. Board of Education of City of Wichita, 181 Kan. 230, 310 P. 2d 917; Board of Education of City of Eureka v. Jewett, 21 Cal. App. 64, 68 P. 2d 404; Reagan v. Board of Directors, Republic School Dist. 309, 4 Wash. App. 279, 480 P. 2d 807.

The plaintiffs contend that the defendant board lost

jurisdiction because the vote which effectively terminated the contracts did not take place until June 24, 1975, long after the May 15 date specified in section 79-1254, R. S. Supp., 1975. The record shows that the hearing was originally scheduled for April 24, 1975, but was continued at the request of plaintiffs' counsel. The June 24, 1975, date was eventually fixed by agreement of counsel. Under these circumstances the plaintiffs cannot complain that the action by the board of the defendant school district was of no effect because it took place after May 15, 1975.

The problem with respect to the Public Meetings Act is complicated by the fact that the statute was changed between the date originally set for the hearing, April 24, 1975, and the date on which the hearing was held, June 24, 1975. Prior to May 27, 1975, the law provided that any formal action taken at a meeting other than while open to the attendance of the public shall be void. Former § 84-1405, R. R. S. 1943. There was no provision concerning the effect of a failure to give public notice of the meeting.

Laws of 1975, L. B. 325, effective May 27, 1975, repealed the old law and established new requirements. Section 84-1414(1), R. S. Supp., 1976, now provides that any formal action of a public body made or taken in violation of any of the provisions of the act shall be declared void by the District Court. A suit to void any final action shall be commenced within 1 year of the action.

Section 84-1414(3), R. S. Supp., 1976, provides that any citizen may commence a suit for the purpose of requiring compliance with or preventing violations of the act.

The petition filed in case No. 40647, the injunction case, was based on section 79-1254, R. S. Supp., 1975. The plaintiffs' theory of the case was that the defendant district had failed to comply with the terms of the continuing contract law and the plaintiffs were entitled to employment for the succeeding year. The petition

was filed 6 days before the date set for the hearing, there was no mention or reference of any kind to the Public Meetings Act, and the petition was never amended. The prayer asked that the defendants be restrained and enjoined from holding any hearings and from interfering with the rights of the plaintiffs to continuing employment. Because there was no issue raised concerning the Public Meetings Act, none of the parties introduced any evidence concerning the matter of public notice other than the minutes or transcript.

The petitions in error, filed in the other cases, similarly alleged a failure to comply with section 79-1254, R. S. Supp., 1975. There was no reference of any kind to the Public Meetings Act.

It is a general rule that a judgment must respond to the pleadings. This court has held that a judgment based upon an issue not pleaded is a nullity. See, Lincoln Nat. Bank v. Virgin, 36 Neb. 735, 55 N. W. 218; Branz v. Hylton, 130 Neb. 385, 265 N. W. 16; Hallgren v. Williams, 146 Neb. 525, 20 N. W. 2d 499; Miller v. City of Scottsbluff, 155 Neb. 185, 50 N. W. 2d 824; Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913.

In Hardiman v. Dover, 111 N. H. 377, 284 A. 2d 905, the New Hampshire court pointed out that an issue concerning an alleged violation of a public meeting law "must be promptly and properly raised below, especially where it does not appear that the alleged violation was obvious, intentional, or prejudicial."

The plaintiffs, of course, had personal notice of the hearing on June 24, 1975. They attended, either in person or by counsel, and participated in the hearing. Although an objection was made to any proceedings in reference to continuing employment of the plaintiffs, no objection was made based upon a failure of the defendant to give "publicized notice" of the meeting as required by section 84-1411, R. S. Supp., 1976.

The defendants argue that the plaintiffs waived any

right to object to the lack of public notice of the meeting by appearing at the hearing and participating in it. We think this argument has merit. Any person who has notice of a meeting and attends the meeting should be required to object specifically to the lack of public notice at the meeting, or be held to have waived his right to object on that ground at a later date. A timely objection will permit the public body to remedy its mistake promptly and defer formal action until the required public notice can be given. See Carter v. City of Nashua, 113 N. H. 407, 308 A. 2d 847. Since the plaintiffs had personal notice of the hearing and appeared and participated in the hearing, but made no objection concerning a lack of public notice, they cannot now complain that the defendant failed to comply with the Public Meetings Act.

The same rule is applicable in the other cases. Participation in the hearing without objection to the lack of public notice waived any right to object at a later date to the lack of public notice.

The judgment in each case is reversed and each cause is remanded with directions to dismiss the action.

REVERSED AND REMANDED
WITH DIRECTIONS.