CHARLENE MARKSBURY, APPELLEE, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF WINNEBAGO, APPELLANT. GARY WASHINGTON, APPELLEE, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF WINNEBAGO, APPELLANT.

258 N. W. 2d 242

Filed October 12, 1977. Nos. 41278, 41279.

Rodney R. Smith of Smith, Smith & Boyd, for appellant.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

These are teacher contract termination cases. On April 19, 1976, following a hearing, the Board of Education voted to terminate the appellees' contracts at the end of the 1975-76 school year. The cases were consolidated for trial in the District Court. On December 16, 1976, the District Court reversed the decision of the Board and ordered the teachers reinstated. Appellant Board of Education prosecutes this appeal. We reverse.

Appellees had been employed for several years as teachers in the Winnebago school system. Their contracts, however, were terminated for cause at the end of the 1974-75 school year along with the contracts of several other teachers. From that decision, error proceedings were commenced in the District Court and the Board was ordered to reinstate the teachers. The Board appealed that decision to this court but did not file a supersedeas. To comply with the decision of the District Court restraining the Board from interfering with the rights of appel-

lees, the Board took them back to work pending appeal, with a letter of reservation of rights. Appellees denied the right of the Board to reserve rights pending appeal.

On December 22, 1976, this court reversed the judgment of the District Court in that appeal. We remanded the causes to the District Court with directions to dismiss the actions. Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335 (1976). This was 6 days after the decision of the District Court herein reversing the order of the Board terminating the contracts for the 1975-76 school year. The Board filed a motion for rehearing, directing the trial court's attention to the Alexander decision. The District Court overruled the motion and reaffirmed its general findings for the teachers. It specifically found in each case:

"The evidence fails to show just cause for the termination, to-wit: in specifically failing to show affirmatively that there was no position available which plaintiff-in-error was qualified to teach.

"Plaintiff-in-error was a teacher with tenure under Section 79-1254, R. S. Supp. 1976 of Nebraska and the action of defendant-in-error in terminating her (his) contract was arbitrary and capricious.

"Such action by the defendant-in-error did not involve an administrative decision as to which teacher to terminate with which the court could not interfere, upon the record herein.

"The plaintiff-in-error did have a property interest under Section 79-1254, R. S. Supp. 1976 of Nebraska and that the case of Mulder v. Sherrill, et al, decided on November 9, 1976 in the United States District Court for the District of Nebraska by Chief Judge Urbom does not apply.

"Defendant-in-error did not seek a SUPERSEDE-AS under Section 25-1916, R. R. S. 1943 of Nebraska and applicable case law. As a result the status quo was not maintained by it pending its successful ap-

peal to the Supreme Court in Alexander v. School District No. 17, 197 Neb. 251, [248] N. W. [335] (1976) involving Case Nos. 6941 and 6955 (6957) in this court.''

Alexander v. School Dist. No. 17, *supra,* reversed the judgment of the District Court and directed it to dismiss the appellees' appeals. This had the effect of sustaining the Board's action in terminating the contracts of the appellees at the end of the 1974-75 school year. Appellees' position, which was accepted by the trial court, is that the Board, by failing to supersede the District Court reversal of the contract terminations, continued those contracts in force. In effect, they are contending our decision reversing the judgment of the District Court and dismissing the appeals from the Board was a nullity.

Appellees are confused on the purpose of a supersedeas. The failure to file a supersedeas does not divest this court of jurisdiction. As stated in Reid v. Slepicka, 182 Neb. 485, 155 N. W. 2d 799 (1968), generally, a supersedeas is not a prerequisite to an appellate review. A supersedeas does not operate against the judgment itself but rather against its enforcement.

The Board, in accordance with the order of the District Court, continued the appellees in employment for the 1975-76 school year. Before doing so, it notified the appellees as follows: ''You are further informed that the School District has appealed your case to the Supreme Court of Nebraska and that this action of the Board in complying with the Court's decision shall in no way be construed as waiving any such appeal rights or relinquishing any demands that you make every effort to mitigate any claim you may have for back pay or damages.''

In the absence of a supersedeas, a judgment or final order shall retain its vitality and be capable of execution during the pendency of an appeal. Hall v. Hall, 176 Neb. 555, 126 N. W. 2d 839 (1964). No super-

sedeas having been filed, the trial court directed the retention of the appellees during the 1975-76 school year. The Alexander judgment, which is a final judgment, reinstated the order of the Board terminating appellees' contracts of employment at the end of the 1974-75 school year.

The action of the Board pursuant to the decision of the District Court to continue the appellees on the payroll for the 1975-76 school year did not have the effect of continuing the appellees as teachers with tenure. They were continued as conditional employees pending the determination of the appeal to this court.

The District Judge misconstrued the intent of the mandate in Alexander. That case determined that appellees were properly terminated and he was directed to dismiss their appeals. Under no circumstances was he permitted to relitigate the issue as to whether or not they had been terminated for proper cause. As we said in Plischke v. Jameson, 181 Neb. 887, 152 N. W. 2d 119 (1967): "When a case is remanded by this court to the district court with directions for its disposition, the district court must obey and perform the mandate of this court."

In passing, we observe that the appellees in their argument on good cause ignore the following portion of section 79-1254, R. R. S. 1943: "* * * or a change in circumstances necessitating a reduction in the number of administrators or teachers to be employed by the board of education." The evidence clearly indicated that a substantial and material change in the circumstances within the Winnebago school system necessitated a reduction in the number of teachers to be employed by the Board. The appellees were terminated for cause within the ambit of the statute. This action was not, as found by the District Judge, arbitrary and capricious.

The most that can be said for the position of the appellees is that they were employed in essence un-

der a new contract for the 1975-76 school year. This did not have the effect of reinstating their tenure which was terminated at the end of the 1974-75 school year. They were subject to termination herein under section 79-1254, R. R. S. 1943, without a finding of just cause. However, in this instance, the Board gave them due notice and a hearing and made a finding the termination was for good cause.

The District Court was in error in each of the conclusions reached in reversing the Board of Education of the School District of Winnebago. The judgments are reversed and the causes are remanded to the District Court with directions to dismiss each action.

REVERSED AND REMANDED WITH DIRECTIONS.