REQUESTED BY: William E. Peters, State Tax Commissioner, Nebraska Department of Revenue.
Do the provisions of the Public Meetings, Act, sections84-1408 to 84-1414, R.R.S. 1943, apply to appeals to the State Board of Equalization and Assessment taken pursuant to section 77-27,126, R.R.S. 1943?
No.
Several sections of the Sales and Income Tax Act authorize the Tax Commissioner to hold hearings on the liability of taxpayers under the provisions of that act. Section77-27,126, R.R.S. 1943, authorize any person aggrieved thereby to appeal to the State Board of Equalization and Assessment.
Your concern is the application of section 77-2711, R.R.S. 1943, to such appeal proceedings. That section makes it a misdemeanor for the Tax Commissioner to make known in any manner the information as to the operation and activities of any person obtained by him in an investigation of the records of such person. Obviously, in any hearing on appeal to the state board, information of this sort may be disclosed. If the public is entitled to attend, pursuant to sections 84-1408 to 84-1414, it may be impossible to avoid disclosing these matters.
Obviously, this evidence must be disclosed to the State Board of Equalization and Assessment, and we do not understand your question to be whether section 77-2711 requires you to suppress such evidence. It clearly does not. The very purpose of the statutory provisions authorizing inspections of taxpayers' records is to permit information thus obtained to be used in such proceedings. We do not, therefore, believe that testimony given, or other evidence adduced before the State Board of Equalization and Assessment in such a hearing could ever be held to be in violation of section 77-2711, so long as it was relevant to the matter being heard.
Nevertheless, needless disclosure of such confidential information to the public should be avoided, and you ask whether the board could hold a closed session without violating the Public Meetings Act, sections 84-1408 to 84-1414, R.R.S. 1943. Since we are of the opinion that this act does not apply to such a hearing, we think it could.
Section 84-1408, R.R.S. 1943, provides:
 "It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.
 "Every meeting of a public body shall be open to the public in order that citizens may exercise their democratic privilege of attending and speaking at meetings of public bodies, except as otherwise provided by the Constitution of the State of Nebraska, federal statutes, and sections 79-327, 84-1408 to 84-1414, and 85-104."
A hearing on an appeal by a taxpayer is not for the purpose of formation of public policy. Obviously, members of the public would have no right to speak at such a hearing. Section 84-1409(2) defines a meeting as one called for the purpose of briefing, discussion of public business, formation of tentative policy, or the taking of any formal action. It is true that affirming or reversing the action of the Tax Commissioner is the taking of formal action, but we believe this phrase must be read as relating to the previously itemized types of activities, which deal with policy making, as to which the public has an interest and a right to be heard.
Section 84-1409(1) states that the Public Meetings Act shall not apply to `judicial proceedings, unless a court or other judicial body is exercising rulemaking authority, deliberating, or deciding upon the issuance of administrative orders.' In hearing an appeal from an order of the Tax Commissioner involving the tax liability of a taxpayer, the board is exercising a quasi-judicial function, and comes, we believe, within the classification of `other judicial body,' as contemplated by the above provisions.
If we were mistaken as to our belief that the Public Meetings Act does not apply, the board would be required by section 84-1411 to give advance published notice of such hearing, and by section 84-1412 to permit the public to speak. Obviously, this is not the practice and, to permit public intervention would be very disruptive and nonproductive. We are confident that the Legislature had no such intention.
We are aware of the fact that in Alexander v. SchoolDistrict No. 17, 197 Neb. 251, 248 N.W.2d 335 (1976), the district court had held that a hearing by a school board to determine whether the contracts of certain teachers would be renewed was subject to the Public Meetings Act. It could certainly be argued that such a hearing is similar to the appeals we are concerned with. However, the Supreme Court did not reach the issue of whether the act applied, because a violation of the Public Meetings Act was not alleged in the petition and because the plaintiffs had waived any right to object by appearing at and participating in the meeting. We therefore do not believe that case is an authority for the proposition that the act applies to the quasi-judicial type of hearings we are concerned with.
We therefore are of the opinion that the board, in its discretion, may hold a closed hearing on such an appeal, for the purpose of protecting the confidentiality of information to be offered in evidence. It is not required to do so by section 77-2711, but may do so to promote the purpose of that section.