IN RE FREEHOLDER'S PETITION OF LOUIS D. QUIRING
ET AL. LOUIS D. QUIRING ET AL., APPELLANTS, V.
SCHOOL DISTRICT NO. 91 OF HAMILTON AND YORK
COUNTIES, NEBRASKA, ET AL., APPELLEES.

285 N. W. 2d 834

Filed December 11, 1979.   No. 42451.

John R. Brogan of Brogan, McCluskey & Wolsten-holm, for appellants.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Louis D. Quiring and Grace E. Quiring appeal from an order of the District Court for Hamilton County, Nebraska, affirming the decision of the free-holder's board of Hamilton County denying a petition for transfer of appellants' land from School District No. 91 to School District No. 95 of Hamilton County.   We affirm.

There are several errors assigned but only one

merits discussion here: That the District Court erred in finding that School District No. 91 of Hamilton County was a Class III school district.

Class II school districts are those districts which maintain both elementary and high school grades and have a population of 1,000 or less, while Class III school districts, also maintaining elementary and high school grades, have a population in excess of 1,000 and less than 50,000. § 79-102, R. R. S. 1943.

Persons residing in a Class II school district may be eligible to freehold out of the district but those persons residing in a Class III school district are not. § 79-403, R. R. S. 1943.

At the hearing on the motion for summary judgment, the parties stipulated that School District No. 91 had a population of less than 1,000 at the time the petition was filed.

It is the contention of the appellants that a Class III district whose population is reduced to less than 1,000 is automatically changed to a Class II district whose residents are thereby eligible to freehold out of the district. Section 79-106, R. R. S. 1943, provides: "Whenever any school district of the second, third, or fourth class shall attain the number of inhabitants which shall require its classification as a school district of the third, fourth, or fifth class, respectively, the Commissioner of Education shall forthwith reclassify such district as a district of the next higher class. A district of the third class may be reclassified as a district of the second class, upon application of the board of education of such district, if the commissioner finds that the number of inhabitants of such district has decreased to the level established for districts of the second class. Any reclassification pursuant to this section shall become effective at the beginning of the next fiscal year after the order of the commissioner."

The appellants assert that since there is a mandatory change to a higher class when the population

increases above the next required figure, Schroeder v. Oeltjen, 184 Neb. 8, 165 N. W. 2d 81, there is a corresponding mandatory change to a lesser-numbered district on an appropriate reduction in population. A fair reading of section 79-106, R. R. S. 1943, does not support this conclusion. Indeed, the statute specifically provides for reclassification of a Class III to a Class II district "upon application of the board of education of such district."

The record indicates that School District No. 91 changed from a Class II to a Class III district in 1971, and no application of a change from a Class III to Class II district has been made by the board of education of School District No. 91.

The history of L.B. 212, Laws 1971, which amended section 79-106, R. R. S. 1943, supports the conclusion that automatic reduction from Class III to Class II does not take place on a reduction in population. See, Education Committee hearings, January 26, 1971, Introducer's Statement of Purpose, L.B. 212, Laws 1971, Proceedings of the Legislature of February 3, 1971, p. 103, p. 309.

The District Court in its judgment pointed out that no relief was asked of the court to compel an application for reclassification by the board of education. We do not decide whether such relief could have been granted in view of the discretion vested in the board by section 79-106, R. R. S. 1943. Appellants argue here that the possibility of automatic changes of classification from a lower to a higher class without an automatic change from the higher to the lower class raises issues of a constitutional dimension. Those issues were not presented to the District Court and will not be considered here. An issue regarding the constitutionality of a statute must be raised at the earliest opportunity consistent with good pleading or it will be deemed waived. Zoimen v. Landsman, 192 Neb. 561, 223 N. W. 2d 49. The ap-

pellants have also failed to comply with Rule 18 of this court.

The judgment of the District Court is affirmed.

AFFIRMED.