THOMAS WORKMAN, Appellee, v. LEROY SHARP, Appellant.

**FRAUD:** False Representations—Materiality and Falseness. In an action for damages for false representations in the sale of a jack, motion for directed verdict is properly denied when the jury might find that the representations as to age and as to the animal's being a "quick actor" were material, and were known by the seller to be false.

**TRIAL:** Instructions—Estoppel by Requested Instruction. A litigant may not claim that the court instructed on issues outside the pleadings, when the complainant, by his own requested instructions, has recognized that such issue was in the case.

**APPEAL AND ERROR:** Harmless Error. In an action for false representation in the breeding qualities of a purchased animal, defendant is not prejudiced by instructions relative to an implied warranty as to breeding qualities, when the jury had ample grounds for finding that the seller's representations as to breeding qualities were knowingly false.

**EVIDENCE:** Relevancy—Subsequent Condition as Bearing on Present Condition. Evidence of the condition of an article subsequent to sale may be some evidence of its condition on the day of sale.

*Appeal from Appanoose District Court.*—D. M. ANDERSON, Judge.

DECEMBER 13, 1921.

ACTION for damages for alleged breach of warranty and for false representations made by defendant to plaintiff in the sale of a jack for breeding purposes. There was a general denial by defendant, and a counterclaim for damages against the plaintiff for alleged breach of warranty and for false representations made by plaintiff in the sale to the defendant of certain cows which were received by the defendant as part payment for the jack in question. The plaintiff claimed damages to the amount of $700, and the defendant claimed damages to the amount of $350. There was a verdict and judgment for plaintiff for $270. The defendant appeals.—*Affirmed.*

*W. B. Hays* and *T. G. Fee,* for appellant.

*H. E. Valentine,* for appellee.

EVANS, C. J.—No error is assigned by the defendant as appellant, upon the submission of his counterclaim. We shall, therefore, disregard it. Appellant assigns many errors upon the submission of plaintiff's cause of action. One assignment of error goes to the full merits of the case. The other assignments, in the main, are directed to specific errors in the instructions.

I. At the close of the evidence, there was a motion by defendant for a directed verdict dismissing plaintiff's petition, on the general ground that the plaintiff had failed to establish any

1. FRAUD: false representations: materiality and falseness.

cause of action. This motion was overruled After an adverse verdict, the defendant renewed his contention by motion for a new trial, which also was overruled. Error is assigned upon these rulings. A consideration thereof requires a consideration of the salient evidence in the case. The defendant was a breeder of jacks, which were sold to his trade for breeding purposes. At the time of the transaction in question, he had seven or eight for sale. The plaintiff was desirous of purchasing a jack for breeding purposes. He offered himself to defendant as a purchaser, and examined the jacks on hand. He selected the jack "Brownie," in the belief that he was the best individual presented to him. The jury could have found from the evidence that the jack was wholly worthless; that he lacked the propensities for the service of either mares or jennies; that he never produced a foal, and that only in a very few instances was he ever induced to pay any attention to a mare or jenny; that the few exceptions in this regard were accomplished by the use of "dope," under the advice of the defendant. The purchase was made in October, 1917. The first attempted use of the jack for breeding purposes was made in the following spring.

Under the evidence for the plaintiff, the defendant represented to plaintiff that the jack was two years old, coming three in the early spring; that he had already served two mares, which service had resulted in foals; that he was a "quick actor."

Plaintiff alleges that both of these representations were false; that they were material; and that they operated as an inducement upon the plaintiff to make the purchase. The jack was, in fact, four years old, coming five. The evidence on both sides tends to show that the propensities of a jack for breeding purposes are not well matured before the age of three years. The materiality as to the representation of age is very apparent. The animal was an unusually fine and large specimen for a two-year-old. That was one of the reasons for his selection. Moreover, the alleged fact that he was only two years old furnished an explanation why he had not been put in the stud and had not been broken to the pit. The alleged fact that he had already, in his two-year-old form, shown a keen propensity to the serving of mares, and had produced foals therefrom, was itself an indication that his propensities as a breeder and foal-getter were equal to the normal. The defendant, as a witness, admitted making the representation that the jack was a ''quick actor,'' and maintained the truth of such assertion. He also testified that he had expressly refused to warrant the jack as a breeder; that he had offered to warrant another jack which he offered to plaintiff; but that the plaintiff declined such offer, and insisted upon taking ''Brownie.''

For the purpose of this assignment, it is not necessary to determine whether the statement here referred to should be deemed a warranty, as distinguished from a false representation. It *was* a representation. If the defendant knew it to be false, this was sufficient as a reason for overruling a motion to direct a verdict. The defendant was himself the breeder of the jack. He necessarily knew its age. If it were found literally true that, in the preceding summer, the jack had produced two foals from mares, yet the statement thus made by defendant was false in a very important sense. That is to say, the significance of the fact that he had successfully served the mares in question was materially affected by the representation as to his age. If, at the time of the service, the jack had been, in fact, but ''two years old, coming three,'' then such fact might reasonably have been accepted by the purchaser as satisfactory evidence of the probability of his future success as a breeder and foal-getter. Whereas, if he was, in fact, at that time ''four years old, coming five,'' and if the two services in question represented the sum total

of his use up to that age, it would have tended to cast doubt upon his future probabilities, and would tend to stimulate inquiry as to why his service had been so limited. It must be said, therefore, that the·representation as to age entered very materially into and became a part of the representation that the animal was a "quick actor."

It is very clear, therefore, that the court properly overruled the motion to direct the verdict.

II. A very large number of specific assignments of error are made, and are briefed and argued in detail. It will be quite impracticable for us to deal with them *seriatim,* and we shall content ourselves with a consideration of the more

2. TRIAL: instructions: estoppel by requested instruction.

important and controlling points. The defendant presented to the court eleven requested instructions. None of these were given by the court in the form in which they were presented. Portions of these instructions were given in a modified form. Special complaint is directed to Instruction 10 given by the court, which contained the following:

"An implied warranty arises where an animal is purchased for a particular purpose, and the seller knows the purpose for which it is being purchased. In such case, the law implies a warranty that the animal, so far as his qualities have been developed and are known, will be suitable for the purpose for which it is purchased."

The first criticism directed against it is that the court injected into the case the subject of an implied warranty; whereas the petition had been predicated upon an express warranty, and not upon an implied one. It is sufficient to say at this point that the defendant, by requested Instruction No. 5, had asked the court to instruct upon the subject of implied warranty as follows:

"It is the law of this state that the rule of *caveat emptor* applies to the sale of animals that are present and have been inspected and selected by the buyer, and there is no implied warranty of the breeding qualities of an animal sold,.even though purchased for breeding purpose, to the knowledge of the seller."

By Instruction 10, the trial court gave the substance of requested Instruction No. 5, with the qualification as to implied warranty which is indicated in the above quotations. The de-

fendant, therefore, is in no position to complain that the court *injected* the subject as one outside of the pleading.

Nor do we think that there is any ground for complaint against the pronouncement of the instruction as applied to the facts of the case. It simply amounts to saying that, if the de-

3. APPEAL AND ERROR: harmless error.

fendant knew that the breeding qualities of this animal had not developed to the extent that they should have developed at four years of age, he would be liable as on an implied warranty. He surely would be liable as for false representation, upon the same hypothesis. The jury would be warranted in finding that the defendant did know that his animal was four years of age. The fact that his use for breeding purposes had been almost negligible was very suggestive of the knowledge of the defendant that nothing more was obtainable. Indeed, in the showing made by the defendant of the fact of the service rendered to two mares, it was made to appear by his own witnesses that the service of one mare was attended by circumstances which tended strongly to impeach defendant's representation, and to show his knowledge of the unfitness of the animal for breeding purposes. Manifestly, the defendant could not say whether the foal resulted from such service or from the service of another jack. There was, therefore, no possible prejudice to him in the instruction, and we have no occasion to determine whether the instruction was abstractly correct as a pronouncement upon the subject of implied warranty.

III. It is urged by the appellant that there is no evidence in the record to the effect that the jack was not a "quick actor" at the time of the purchase. The contention at this point is

4. EVIDENCE: relevancy: subsequent condition as bearing on present condition.

based upon the fact that all of plaintiff's attempts to get service from the animal were had in the following spring. It is contended that such evidence is not evidence of his condition at the time of the sale. The conjecture is suggested that his condition as found to be in the spring may have been the result of some cause intervening since the purchase.

It is universally held that evidence of subsequent condition may be shown as evidence of the present condition. It is, of course, not conclusive on the question of present condition, but

it is admissible as proof of present condition. Such evidence, of course, must be weighed by the jury in the light of intervening causes, and if such causes of themselves tend to explain the subsequent condition, it is for the jury to say whether they are sufficient to destroy the presumed continuity of condition between the time of sale and the time of discovery. The plaintiff is not under the necessary burden of negativing causes subsequent to the sale. *Wingate v. Johnson,* 126 Iowa 154.

The foregoing is, perhaps, a sufficient discussion of the detailed points. These are the controlling points in the appeal. We have carefully examined each of the many specifications of error and the discussion thereof. We discover no prejudicial error in the record. The judgment below is, therefore,—*Affirmed.*

STEVENS, ARTHUR, and FAVILLE, JJ., concur.