ELAINE M. WITT, APPELLANT, V. SCHOOL DISTRICT
NO. 70, FRONTIER COUNTY, NEBRASKA, APPELLEE.

273 N. W. 2d 669

Filed January 10, 1979. No. 41673.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

McCarthy, McCarthy & Vyhnalek, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

This is a declaratory judgment action to declare the termination of plaintiff's teaching contract void pursuant to section 84-1414, R. R. S. 1943, for the failure of the school board to comply with the Public Meetings Act. The District Court held plaintiff had waived any defects in the notice; determined the school district had substantially complied with the statutory requirements; and dismissed the plain-

tiff's petition. We reverse and remand.

Plaintiff began her employment with the school district in 1968. For the first 3 years, she taught third grade students at the Curtis grade school. From 1971 until the termination of her contract in 1976, she was assigned to teach a special reading program for all grades at the elementary level. Her duties also included teaching a class in sixth grade English, and a class in sixth grade reading.

For the first half of each school year the special reading program was devoted to remedial reading. The second half of the school year involved a developmental reading program in which plaintiff instructed average or above average students. Both programs required that students be removed from the regular classrooms.

In 1975, the school district hired a resource teacher who was specially trained to instruct children with learning disabilities. This teacher was supplied by Educational Service Unit (ESU) No. 15. The testimony indicated that the instruction offered by the resource teacher overlapped with the program taught by plaintiff. In early 1976, the superintendent recommended to the school board that the special reading program be eliminated because of the duplication of effort and expense. The matter was discussed at the regular board meeting held on February 9, 1976, but the minutes of the meeting do not recite that any formal action was taken.

On February 13, 1976, the following letter, drafted by the superintendent and signed by the secretary of the school board, was mailed to plaintiff: ''This letter is to inform you that the School Board of District #70 will have a staff reduction for the 1976-77 school year involving Special Reading. The tentative plans are to not have the Special Reading position next year. With the increased service and expense involved with being in E.S.U. #15 we feel this move is both financially and educationally sound. The Board

feels that the current scope and anticipated growth of E.S.U. influence in District #70 makes retention of the Special Reading position unnecessary.

"State law requires that any person in the above position may have a hearing in front of the Board of Education if requested in writing to the Board Secretary within five days of the receipt of this letter. The situation, however, is *not* a dismissal of a teacher for lack of professional competence, but merely the elimination of a position."

Plaintiff testified that immediately after receiving the letter she telephoned the secretary of the school board and was informed that it meant she would not have a job the following year. Plaintiff thereupon submitted a written request for a hearing which read in part: "On February 13, 1976, I received your letter dated February 13, 1976, advising me that the Board of Education will consider termination of my teaching contract due to your stated intentions of a reduction in force of the staff at Curtis Public School for the 1976-1977 school year.

"Pursuant to Section 79-1254, I request a hearing before the Board of Education for the purpose of determining if just cause exists for termination." Plaintiff was notified that a hearing would be held February 23, 1976. No public notice was given.

Plaintiff appeared at the hearing with counsel and testified on her own behalf. Testimony supporting the elimination of the position was offered by the superintendent. There is no transcript of that hearing in the record.

The next regular board meeting was held on March 8, 1976. Plaintiff was in attendance. The minutes of the meeting contain the following: "A discussion on the continuation or suspension of the Special Reading program. Moved by Jorgensen to suspend the program, seconded by A. Peterson. Voting aye: A. Peterson, Jorgensen, Heathers, and Traster. Motion carried."

On March 9, 1976, the secretary of the school board mailed the following letter to plaintiff: "At the March 8th School Board meeting of District 70 it was voted 5-0 to eliminate the Special Reading position. The contract will be terminated as of May 24th, 1976."

The next day plaintiff mailed the following letter to the school board: "This is to let you know that I am still interested in a position on the Curtis Grade School faculty and would appreciate being given first consideration for any vacancy which may occur." Plaintiff was interviewed for the position of fourth grade teacher but the vacancy was filled by another applicant. For the 1976-77 school year the district also hired a replacement kindergarten teacher, a music teacher, and a fifth and sixth grade science teacher. This declaratory judgment action was filed June 18, 1976, more than 3 months after plaintiff was notified her contract was being terminated.

Section 84-1414, R. R. S. 1943, provides that any motion or formal action taken by a public body in violation of any of the provisions of the Public Meetings Act shall be declared void by the District Court. Among the provisions of the act are the requirements that advance, publicized notice of each meeting be given, § 84-1411, R. R. S. 1943, and that minutes of each meeting be kept, § 84-1413, R. R. S. 1943. Neither of these requirements was met with regard to the school board meeting held on February 23, 1976.

No formal action was taken by the board at the February 23 meeting. The motion to suspend the special reading program was made and the vote was taken at the regular board meeting of March 8, 1976, at which plaintiff was present. The March meeting was held in full compliance with the statutory requirements. Thus, it would appear section 84-1414, R. R. S. 1943, is inapplicable.

In any event, as the District Court determined, we have specifically held participation in the hearing required under section 79-1254, R. R. S. 1943, is ordinarily a waiver of any defect in the notice of the hearing. Alexander v. School Dist. No. 17, 197 Neb. 251, 248 N. W. 2d 335 (1976). Plaintiff and counsel participated in the hearing without raising any question about the public hearing notice.

Plaintiff, by participating in the hearing, waived any defect in the notice. Alexander is controlling. We there said: "The defendants argue that the plaintiffs waived any right to object to the lack of public notice of the meeting by appearing at the hearing and participating in it. We think this argument has merit. Any person who has notice of a meeting and attends the meeting should be required to object specifically to the lack of public notice at the meeting, or be held to have waived his right to object on that ground at a later date. A timely objection will permit the public body to remedy its mistake promptly and defer formal action until the required public notice can be given. See Carter v. City of Nashau, 113 N. H. 407, 308 A. 2d 847. Since the plaintiffs had personal notice of the hearing and appeared and participated in the hearing, but made no objection concerning a lack of public notice, they cannot now complain that the defendant failed to comply with the Public Meetings Act."

The right to collaterally attack orders made in contravention of the Public Meetings Act for a period of 1 year is specifically provided in section 84-1414, R. R. S. 1943. In this action plaintiff is also raising a violation of section 79-1254, R. R. S. 1943. The proceedings had did not foreclose plaintiff's rights under section 79-1254, R. R. S. 1943. That section specifies the procedure to be followed in terminating the contract of a tenured teacher. It provides that a teacher's contract "shall be deemed renewed and shall remain in full force and effect until a ma-

jority of the members of the board vote on or before May 15 to amend or to terminate the contract for just cause at the close of the contract period." The section further provides: "The secretary of the board shall, not later than April 15, notify each * * * teacher in writing of any conditions of unsatisfactory performance or other conditions because of a reduction in staff members or change of leave of absence policies of the board of education which the board considers may be just cause to either terminate or amend the contract for the ensuing school year."

The notice given to Mrs. Witt advised her the board planned to discontinue the special reading program. It advised her that it was not a dismissal for lack of professional competence but merely the elimination of a position. While the secretary told Mrs. Witt she would be terminated, at no time does the record indicate that the board did other than terminate the particular program. It does not appear the board ever specifically voted to terminate plaintiff's contract. It does not appear this action was even contemplated. The inference is the board believed because it eliminated the program, it terminated the contract. It did not have that effect. Plaintiff was a tenured teacher and was entitled to continued employment unless just cause existed for her removal, or there was a change in circumstances necessitating a reduction in the number of teachers to be employed by the board.

The record indicates Mrs. Witt was qualified to teach all elementary grades. Mrs. Witt was considered for a fourth grade position which became open, but a new teacher was hired. It cannot be said there was a reduction in force when a new fourth grade teacher was hired before the end of the term at which Mrs. Witt's contract was terminated. We hold a tenured teacher whose position has been abolished has a right to be retained to fill any vacancy for which she is qualified for the next school

year which occurs after notice of the elimination of her position. In other words, no new teacher may be hired to fill a vacancy she is qualified to fill. To hold otherwise would simply allow a total emasculation of the tenured teacher act.

An imaginative school board could simply transfer a teacher into a position it knew it intended to abolish; abolish the position the following year; hold the hearing; and terminate the position and the teacher's contract, even if a vacancy should occur for which she was qualified. While this may not have been the intent herein, it does have that effect.

The clear intent of the tenured teacher act is to guarantee a tenured teacher continued employment except for two justifiable circumstances: (1) Discharge for cause; and (2) reduction in the teaching force. Neither is present in this instance.

The judgment of the trial court is reversed and the cause is remanded to the trial court for an order declaring that Mrs. Witt's employment shall continue until the applicable provisions of law have been complied with.

REVERSED AND REMANDED.