Marilyn Anne HAGARTY, Appellant,

v.

DYSART–GENESEO COMMUNITY SCHOOL DISTRICT et al.,
Appellees.

No. 62466.

Supreme Court of Iowa.

July 25, 1979.

James L. Sayre and Mark R. Adams, of Dreher, Wilson, Adams & Jensen, Des Moines, for appellant.

Marsha K. Ternus and William F. Fanter, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP,, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

Plaintiff Marilyn Anne Hagarty brought a declaratory judgment action seeking to establish her right to a teaching position with defendant Dysart-Geneseo Community School District. The school board and its members were also defendants. The trial court sustained defendants' motion to dismiss a division of plaintiff's petition requesting declaration of her contractual rights and entered judgment on the merits against her on separate divisions based upon fraud and equitable estoppel. We affirm the trial court.

The questions are whether the trial court erred in ruling against plaintiff on the merits of either her fraud or equitable estoppel claims and in dismissing her request for declaratory judgment on her contract claim. The case was tried in equity and our review is therefore de novo.

Many of the facts were stipulated although the record was supplemented by testimony of plaintiff, superintendent Charles Liston and school board chairman Robert W. Higgins. The parties agree on the sequence of events but differ as to the inferences to be drawn from them and their legal effect. Plaintiff has bachelor's and master's degrees in music education. She was employed by the defendant district as a vocal music instructor for grades kindergarten through eighth grade from 1970 through the 1976–1977 school year.

In the spring of 1977 superintendent Liston determined that state aid would be reduced for the ensuing school year because of declining enrollment and concluded that staff reduction would be necessary. After consulting with his three principals, he decided that plaintiff's position should be eliminated and so advised the school board. The board adopted the superintendent's recommendation. Procedures were initiated to eliminate plaintiff's position and terminate her contract in accordance with the provisions of the amendment to section 279.13, The Code 1975, effected by 1976 Session, 66th G.A., ch. 1151, section 1.

Plaintiff received a notice of recommendation to terminate contract from superintendent Liston on March 4, 1977, informing her that her contract was being recommended for termination because her position would be eliminated due to budgetary constraints caused by declining enrollment. Upon plaintiff's request a private hearing was held with the board and superintendent as provided in the statute. Following the hearing, the board decided to accept the superintendent's recommendation for the reasons given by him. Written findings of fact and conclusions of law setting forth the decision terminating plaintiff's contract effective at the end of the then current school year were filed April 1, 1977. Plaintiff did not appeal the decision.

Independent of these events a high school history teacher resigned February 14, 1977, and his resignation was formally accepted March 14, 1977. On March 1, 1977, a middle school social studies teacher applied for that position and it was given to him by board action on April 11, 1977.

The board offered the middle school social studies position to plaintiff by contract tendered to her on April 15, 1977. The board offer was made pursuant to its interpretation of a written staff reduction policy which it had adopted in 1973 at the request of the district teachers' association. As originally adopted the policy provided:

Any teachers who have their contracts terminated under this policy, other than probation status teachers, will have recall rights to positions for which they are qualified for a period of one year from the date of their termination, and shall be recalled to that position in reverse order of termination.

In 1976 the board amended the policy by adding:

These recall rights will be extended only once to the qualified personnel.

On May 4, 1977, the contract for the social studies teaching position was returned by plaintiff unsigned.

On June 4, 1977, a second grade teacher resigned for health reasons. Superintendent Liston subsequently recommended to the board that the second grade be reduced from three to two sections, eliminating the vacated position, thus freeing funds which he suggested be used to reinstate the position of elementary vocal music teacher and hire a part-time librarian. The board agreed with the recommendation in a decision made June 14, 1977, and advertised the positions.

Plaintiff applied for the music teaching position, but the board gave the job to another applicant who would commence employment lower on the salary schedule, permitting the district to fill both the music and library positions for what it would have cost to employ plaintiff alone.

Plaintiff then commenced this declaratory judgment action.

■ I. *The fraud claim.* Plaintiff's fraud claim is framed in equity. She acknowledges the elements of the cause of action are those stated in *Wilden Clinic, Inc. v. City of Des Moines,* 229 N.W.2d 286, 289 (Iowa 1975):

(1) representation, (2) falsity,

(3) materiality, (4) scienter,

(5) intent to deceive, (6) reliance,

(7) resulting injury and damage.

She had the burden to prove her claim by a preponderance of clear and convincing evidence. *Hall v. Wright,* 261 Iowa 758, 766, 156 N.W.2d 661, 666 (1968).

■ The representation which plaintiff alleges was false is the statement by the superintendent that her position was to be eliminated. This representation occurred during the sequence of events culminating in the board decision to eliminate her position and terminate her contract on April 1, 1977. As a statement of intention to eliminate the position, the representation was a statement of intention to perform a future act. As such it is actionable if made with an existing real intention not to perform.

*Grefe v. Ross,* 231 N.W.2d 863, 867 (Iowa 1975).

In holding the evidence insufficient to establish fraud, the trial court found this representation was not false when it was made. In contending fraud was proved, plaintiff alleges there is "no question that such representation, in fact, was not true, inasmuch as the position was reinstated shortly after the decision to terminate was made."

■ In order to prove the "falsity" element of a fraud action, it is necessary to establish that the representation was false at the time it was relied upon. *Joanette Juniors v. Board of Home Missions of Congregational and Christian Churches,* 197 Misc. 291, 94 N.Y.S.2d 753 (1949); *Pasko v. Trela,* 153 Neb. 759, 46 N.W.2d 139 (1951); 37 C.J.S. *Fraud* § 17c (1943). *See also Workman v. Sharp,* 192 Iowa 864, 868–869, 185 N.W. 920, 922 (1921).

In this case plaintiff asserts she did not appeal her termination to an adjudicator because of the assurances in the private hearing of March 29, 1977, that the position would be eliminated. Under the statute she had ten days after the board's April 1, 1977, decision within which to appeal. *See* 1976 Session, 66th G.A., ch. 1151, § 1(7). If the representation was still true at the expiration of that time, it is not actionable. Without deciding whether her reliance might be deemed complete prior to that time, it was certainly complete when the termination became final.

■ Fraud may be established by circumstantial evidence, and the rules in equity are not so strict as those at law. *Wilden Clinic, Inc.,* 229 N.W.2d at 292. However, the fact that the vocal music position was reinstated subsequently is not alone sufficient to show that the earlier representation was false. Like the trial court, we do not find sufficient evidence to hold plaintiff met her burden to prove the representation was false at the time of the events ending in termination of her contract.

Relevant here is the testimony of superintendent Liston:

Q. Now, going back to Marilyn, isn't it true that at the time this position was eliminated you were not aware of anything that was going to happen in the future, that was going to allow you to put it back in? A. I'll swear on a stack of Bibles a hundred feet high that I did not know.

Q. As far as you were concerned it was out? A. Yes, I had two goals that had to be satisfied; we had to cut the budget, and I wanted the best for the school, and that had been accomplished.

Also relevant is plaintiff's testimony on this point:

Q. Now, a couple of other things I want to visit with you about was at the time that Mr. Liston visited with you and told you that he did not believe there would be an opening or that the music position would be reinstated at least for the next year, do you have any reason to believe that he had an idea that it was going to be put back in? . . . A. I know what you're talking about. This woman with the eye trouble. I don't know if it was—there had been some thought she would probably retire because she was having such difficulty. First it was that she was coming back and then it was that she was not coming back, so probably in his mind there could have been the idea that she had quit, retired, but again he probably didn't know; he probably didn't know for sure.

Plaintiff did not meet her burden to prove the representation that her position was being eliminated was false at the time she relied upon it. Subsequent events changed the facts so that if the representation had been made later it would not then have been true. But this does not give viability to a claim based upon an earlier representation which was true when made and when relied on. Indeed, it appears the vocal music position was eliminated at the time plaintiff's contract was terminated but was subsequently reinstated because of events which had not been foreseen earlier.

The trial court did not err in entering judgment against plaintiff on her fraud claim.

■ II. *The estoppel claim.* The basis of plaintiff's estoppel claim in the trial court was that the district falsely represented that it was operating under its policy on staff reduction when it refused to reinstate her. On appeal she seeks to expand this claim, but we cannot permit her claim to be tried here on a theory not urged in the trial court.

The elements of an equitable estoppel are listed in *Walters v. Walters,* 203 N.W.2d 376, 379 (Iowa 1973):

(1) a false representation or concealment of material facts; (2) lack of knowledge of true facts on part of actor; (3) intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury.

Defendants contended they carried out the recall policy and therefore were not guilty of false representation or concealment of material facts by failing to do so as alleged by plaintiff. The trial court found from the evidence that the district complied with the policy and rejected plaintiff's estoppel claim on that basis.

■■ The central issue on this claim is whether the district offered plaintiff a position subsequent to her termination for which she was qualified within the requirement of the policy giving terminated teachers the right to one offer of "positions for which they are qualified for a period of one year from the date of their termination, . . . ."

Plaintiff maintains she was not qualified to accept the middle school social studies position which she was offered because she had never taught in any area other than music, and did not feel qualified to do so. She testified she thought the superintendent might be offering her the position only to put her in a position where she could be terminated for poor job performance after one teaching year. She also testified she was motivated in part to reject the position

because she was then single and would have been willing to relocate to obtain a music position, which was her first choice. She learned subsequently that such jobs were scarce.

Defendants argue that the position of social studies teacher was one which plaintiff's certificate enabled her to teach and that she thus was qualified for the position. It is undisputed that state department of public instruction rules for teacher education and certification allowed a teacher with plaintiff's background to teach middle school social studies. Her certificate carried an endorsement to that effect.

The language in the staff reduction policy which is in controversy was placed there at the request of teachers. As did the trial court, we believe the purpose was for the teachers to obtain liberal recall rights. Moreover, we believe the parties desired an objective standard rather than one which would depend upon the subjective views of either the board or individual teacher. In light of these purposes, we conclude the word "qualified" as used in the recall policy means that the teacher must have whatever authority is necessary to be assigned to teach in the position which is offered. Here the only requirement imposed either by the state or board was certification and the general endorsement for teaching in the elementary grades. Because she was so certified and endorsed, plaintiff was qualified for the position within the meaning of the policy.

A different standard for determining employment qualifications had been established by the school board in *Bishop v. Keystone Area Education Agency Number 1*, 275 N.W.2d 744 (Iowa 1979), and interpretation of the word "qualified" in that case is distinguishable on that basis.

We agree with the trial court that the board complied with its recall policy when it offered plaintiff the middle school social studies position on April 15, 1977. Therefore the court was right in holding plaintiff did not prove her equitable estoppel claim.

III. *The contract claim.* The division of plaintiff's petition in which she sought a declaratory judgment regarding her right to reinstatement on the theory that the recall policy was contractual was dismissed by the trial court upon defendant's motion alleging she failed to state a claim upon which relief could be granted.

We believe the trial court erred in sustaining the motion but no prejudice to plaintiff's rights now exists.

The reason the court should not have dismissed the claim is that it was a claim for declaratory relief rather than merely a claim based on contract. The issue on the motion was whether plaintiff had stated a claim for declaratory relief, not whether she stated a claim upon which relief could be granted on the theory of contract. *Wright v. Thompson*, 254 Iowa 342, 350–351, 117 N.W.2d 520, 525 (1962). The claim presented a proper case for invoking the jurisdiction of the court to make a declaratory judgment.

However, the issue is moot because the basis of plaintiff's contract claim is that the recall policy was contractual and that the contract was breached when the policy was not adhered to in this case.

We have agreed with the trial court that, whether contractual or gratuitous, the evidence shows the policy was in fact carried out in this case. The result could not be different if the district were bound by contract to do what it did. It did what plaintiff contends it was obliged by contract to do, so plaintiff has not been prejudiced by the absence of an adjudication that the district was required to do it.

Plaintiff did not attempt to obtain relief on a statutory basis. Therefore we do not intimate any view regarding her rights under the teacher tenure statute, section 279.-13, The Code 1975, as amended.

A case which plaintiff relies upon here, *Witt v. School District No. 70*, 202 Neb. 63, 273 N.W.2d 669 (1979), involved the Nebraska tenure statute. The teacher's termina-

tion was set aside in that case because the court found the school board had eliminated the teacher's special reading program position in the mistaken belief the action would also have the effect of terminating her contract. The board had not voted to terminate the contract. In addition the court held that the Nebraska statute required the board to offer a teacher whose position was eliminated any vacancy for which he or she is qualified for the next school year. Like the plaintiff in the present case, Witt was deemed qualified to teach all elementary grades. The court held she should therefore have been retained to fill a fourth grade teaching position which became vacant after her position was eliminated. We have no occasion to decide whether the Iowa tenure statute would have required a similar result in this case, but we do note some similarity exists between the Nebraska decision and the terms of the recall policy involved in the present case.

 We also emphasize that we find no hint in the record in this case of the vice warned against by the Nebraska court in *Witt*. Like that court, we could not countenance a subterfuge by which an unscrupulous school board would use a fictitious necessity for staff reduction as a pretext for discharging a teacher.

In the present case we have addressed only those issues which were raised in the trial court and which must be addressed in deciding the appeal.

AFFIRMED.