REX J. CROSS, APPELLANT, V. BOARD OF GOVERNORS, MID-PLAINS TECHNICAL COMMUNITY COLLEGE AREA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

281 N. W. 2d 925

Filed August 14, 1979. No. 42368.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Kay & Satterfield, for appellee.

Heard before BOSLAUGH, McCOWN, and CLINTON, JJ., and BURKE and WHITEHEAD, District Judges.

BURKE, District Judge.

The question presented by this appeal is whether the Board of Governors of the Mid-Plains Technical Community College Area afforded a teacher due process protections - both procedural and substantive - prior to voting not to renew his teaching contract for the 1978-79 school year. We hold that it did.

The community college, located in North Platte, Nebraska, offered a variety of technical courses, including a machine shop program. However, the machine shop program suffered from a continual decline in enrollment, and eventually no one enrolled for the 1977-78 school year. Inasmuch as Rex J. Cross was the sole machine shop program instructor, he was assigned to other duties for the 1977-78 school year.

At its regular meeting on November 16, 1977, the Board of Governors voted to discontinue the machine shop program because of lack of interest in the program by students.

At the Board meeting on December 14, 1977, a motion was made to abolish the position of full-time machine shop instructor. This motion was tabled until the next regular meeting in order to afford Mr. Cross, the sole machine shop instructor, a right to a hearing on this matter.

On December 19, 1977, Mr. Cross made a written demand for a hearing before the Board. His request was granted and, by agreement, a hearing was held on January 25, 1978. At this hearing before the Board, counsel for Mr. Cross produced evidence and cross-examined all five witnesses who testified. § 79-1254.02, R. S. Supp., 1978.

The Board took the matter under advisement and at its regular meeting on February 22, 1978, after considering all of the evidence submitted at the hearing on January 25, 1978, voted unanimously not to offer Mr. Cross a teaching contract for the 1978-79 school year.

Upon appeal to the District Court, the decision of the Board was affirmed.

The parties appear to be in agreement here that the required property interest of Mr. Cross in renewed employment entitled him to procedural due process under the Fourteenth Amendment to the United States Constitution. See, Board of Regents v. Roth, 408 U. S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); § 79-1254.02, R. S. Supp., 1978.

The argument arises over when Mr. Cross was terminated. Mr. Cross argues that he was, in effect, terminated at the November 16, 1977, meeting of the Board of Governors when the Board voted to discontinue the machine shop program; that since he was the sole instructor in the program, he should have been given an opportunity to be heard with respect to this decision; and that the hearing afforded him on January 25, 1978, was a sham. As a result, he contends he was denied procedural due process.

This inventive argument deftly sidesteps the fact that the Legislature has placed the duty and responsibility of administering the affairs of the college with the Board of Governors, not with the faculty. This responsibility, by statute, includes establishing curriculum and employing members of the faculty. § 79-2644, R. S. Supp., 1978. Clearly, Mr. Cross had neither a constitutional nor a statutory right to take part in the process of making this decision.

In addition, at the time the Board determined to discontinue the machine shop program, Mr. Cross had been assigned to other duties for the 1977-78 school year. Hence, the termination of the program did not, ipso facto, terminate his teaching contract.

There is no contention here that a new teacher was hired to fill a vacancy that Mr. Cross was qualified to fill. Witt v. School District No. 70, 202 Neb. 63, 273 N. W. 2d 669.

The decisions of the Board of Governors, in voting to discontinue the machine shop program and, after

a proper hearing, in voting not to renew the teaching contract of Mr. Cross for the 1978-79 school year, were made in accordance with its statutory responsibilities. The decisions easily survive attacks upon their substance and procedure.

The judgment of the District Court is affirmed.

AFFIRMED.