STEVEN J. HAUSER, APPELLEE AND CROSS-APPELLANT, V.
NEBRASKA POLICE STANDARDS ADVISORY COUNCIL AND
NEBRASKA COMMISSION ON LAW ENFORCEMENT AND
CRIMINAL JUSTICE, APPELLANTS AND CROSS-APPELLEES.

650 N.W.2d 760

Filed September 6, 2002.   No. S-01-467.

Don Stenberg, Attorney General, and Mark D. Starr for appellants.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., and R. Bradley Dawson, of Clough, Dawson, Piccolo & Jones, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This case involves an Administrative Procedure Act (APA) appeal by the State from a decision of the Hall County District Court. An administrative hearing was originally held before the Nebraska Police Standards Advisory Council (Council) in regard to State Trooper Steven J. Hauser's certification as a Nebraska law enforcement officer. The Council ordered the revocation of Hauser's certification, subject to the review and approval of the Nebraska Commission on Law Enforcement and Criminal Justice (Commission). The Commission ordered that Hauser's certification be revoked. Hauser appealed to the district court, which reversed the order of the Commission.

## BACKGROUND

Hauser received his certification as a law enforcement officer from the Nebraska Law Enforcement Training Center (Training Center) on November 3, 1978. He was appointed a Nebraska state trooper and deputy state sheriff on that same date.

In 1999, Allen L. Curtis, executive director of the Commission, received a petition signed by numerous residents of North Platte and vicinity requesting the revocation of Hauser's law enforcement certification. Curtis notified Hauser of the complaint by letter dated September 8, 1999, and requested that Hauser respond to the allegations of the petition. In his response letter, Hauser stated that the allegations against him were outside the scope of the rules and regulations regarding the revocation of certificates and that the allegations did not fit into the statutory definition of revocable actions.

Curtis requested that an investigation be conducted pursuant to title 79, chapter 9, of the Training Center's rules and regulations. The investigation was to review the allegations brought against Hauser and to determine if the allegations were within the purview of Neb. Rev. Stat. § 81-1403(5) (Reissue 1999) (now found at § 81-1403(6) (Cum. Supp. 2000)). Curtis notified Hauser that the investigation was being requested pursuant to 79 Neb. Admin. Code, ch. 9, § 006.02 (1998). After reviewing the results of the investigation, David A. Stolz, staff attorney for the

Training Center, was appointed to commence formal revocation proceedings against Hauser.

The Training Center, acting as a relator on behalf of the State, filed an administrative complaint against Hauser. The second amended complaint alleged that Hauser had abused his wife throughout 1998; provided false information to a law enforcement officer; and violated his duties and responsibilities as set forth in his oath of office and various policies, codes, and canons of ethics of the Nebraska State Patrol. According to the complaint, Hauser's alleged actions represented incompetence; neglect of duty; and/or physical, mental, or emotional incapacity, and warranted revocation. Hauser was sent a letter from Curtis providing him with a copy of the complaint and a copy of title 79, chapter 9.

In Hauser's amended answer, he challenged the substance of the complaint and the procedure employed by the State. He alleged that requests to have him decertified by certain citizens of North Platte did not conform to Commission rules. He also argued that the Commission and Council lacked the requisite jurisdiction to consider the matters alleged in the complaint and, further, that the allegations did not state sufficient facts to bring or maintain a revocation proceeding.

The matter was heard by the Council in August 2000. At Hauser's request, the hearing was bifurcated. The first stage addressed claims relating to the Council's authority to hear the matter, and the second addressed the merits. The evidence at the first stage demonstrated that there were no rules or regulations filed by the Council under the APA. In fact, it was the Commission who filed title 79, chapter 9, with the Secretary of State's office. There was also evidence that the Council originally reviewed the regulations in title 79, chapter 9, passed on the rules, and relayed them to the Commission. The Commission then approved and formally promulgated the rules pursuant to the APA. There was no evidence adduced at the hearing that the Nebraska State Patrol's code of ethics or the Nebraska State Patrol's disciplinary procedures and code of conduct had been promulgated under the APA or filed with the Secretary of State. In spite of these findings, the Council determined that it had

jurisdiction over the matter and proceeded to the fact allegations against Hauser.

In the second phase of the bifurcated hearing, the Council heard evidence regarding the alleged misconduct of Hauser. After deliberation, the Council ordered the revocation of Hauser's certification. The Council concluded that Hauser physically abused his wife several times in 1998 and lied to an investigating officer regarding one of those occasions. The Council also concluded that the State had proved the existence of one or more statutory grounds for revocation, which have been incorporated by reference into title 79, chapter 9. Based on the State Patrol's code of ethics, the Council determined that Hauser's actions amounted to a neglect of his duties and emotional incapacity.

The matter was then forwarded to the Commission. The Commission began hearing deliberations in closed session. It later returned to open session, and by unanimous vote of the present and participating members, it decided to revoke Hauser's certification. The Commission held that the Council had jurisdiction to hear the matter and that the hearing was properly conducted. In concluding that Hauser exhibited neglect of duty and emotional incapacity, the Commission held that Hauser's violent behaviors were violations of various State Patrol codes of ethics, canons of police ethics, and general rules of conduct.

Hauser appealed to the district court under the APA. The trial court reversed the Commission's decision, concluding that it was made in excess of the Commission's statutory authority or jurisdiction. The trial court also concluded that the Commission's decision was made upon unlawful procedure in that it had no power to revoke Hauser's certification and, further, that there were no rules and regulations governing the revocation of certificates passed by the Council. However, the trial court did not award attorney fees to Hauser.

## ASSIGNMENTS OF ERROR

The Council and Commission argue that the trial court erred in (1) concluding that the regulations promulgated concerning the revocation of certificates were invalid; (2) concluding that the process used in reaching final revocation was unlawful; (3) concluding that violating the rules set by the State Patrol could

not constitute grounds for certification revocation if, in fact, the trial court was indicating that those standards must be promulgated under the APA; and (4) reversing the Commission's approval of the Council's decision to revoke Hauser's law enforcement certification.

On cross-appeal, Hauser argues that the trial court erred in not awarding attorney fees to him because the Council and Commission's position was not substantially justified.

## STANDARD OF REVIEW

■ A judgment or final order rendered by the district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Honda Cars of Bellevue v. American Honda Motor Co.*, 261 Neb. 923, 628 N.W.2d 661 (2001).

■ When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ In instances where an appellate court is required to review cases for errors appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Lancaster Cty. Sch. Dist. No. 0001 v. State*, 260 Neb. 108, 615 N.W.2d 441 (2000).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Heathman v. Kenney*, 263 Neb. 966, 644 N.W.2d 558 (2002).

■ Administrative bodies have only that authority specifically conferred upon them by statute or by construction necessary to achieve the purpose of the relevant act. *Honda Cars of Bellevue v. American Honda Motor Co., supra.*

## ANALYSIS

The district court found that it was the Council which had the sole power as delegated by the Legislature to adopt rules and regulations concerning the revocation of law enforcement certificates.

In this case, the Council conducted a hearing of the complaints against Hauser. The Council then ordered the revocation

of Hauser's law enforcement certificate. The matter was then forwarded to the Commission which, after a hearing and vote of the Commission, revoked Hauser's certificate.

The first question we address is which entity, the Commission or the Council, is empowered to revoke law enforcement certificates. According to § 81-1403 (Cum. Supp. 2000):

> Subject to review and approval by the commission, the council shall:
>
> . . . .
>
> (6) Revoke or suspend such certificates or diplomas according to rules and regulations established by the council for reasons which shall include, but not be limited to, (a) incompetence, (b) neglect of duty, and (c) physical, mental, or emotional incapacity. Such rules and regulations shall include a procedure for hearing appeals of any person who feels that the revocation or suspension of his or her certificate or diploma was in error.

Neb. Rev. Stat. § 81-1406 (Cum. Supp. 2000) states:

> There is hereby created the Nebraska Police Standards Advisory Council. *The council shall be a special standing committee of the commission* with the express purpose of overseeing all training schools and training academies and the operation of the training center and ensuring that all rules, regulations, and policies with respect to pre-certification, certification, continuing education, and training requirements are implemented. The council shall act for the commission in all matters relating to law enforcement training and the training center but shall not have any other powers and duties with respect to the commission or any of its duties. The council shall conduct regular meetings in order to carry out its statutory duties.

(Emphasis supplied.)

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Heathman v. Kenney, supra.* However, in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not

resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *Spradlin v. Dairyland Ins. Co.*, 263 Neb. 688, 641 N.W.2d 634 (2002).

The trial court found that there were no rules or regulations adopted, promulgated, and filed with the Secretary of State by the Council. The trial court held that the Commission is a separate agency from the Council. We disagree. Both the Council and the Commission's duties are set out under Neb. Rev. Stat. § 81-1401 et seq. (Reissue 1999 & Cum. Supp. 2000). As previously stated, § 81-1406 states very specifically that "[t]he council shall be a special standing committee of the commission." According to the plain and unambiguous language of § 81-1406, the Council is a committee of the Commission. As such, it is the Commission, not the Council, which is charged with the promulgation, adoption, and filing with the Secretary of State of the rules and regulations. The Commission performed these functions in this case.

Because statutory interpretation is a question of law, our review is de novo. We conclude, therefore, that the Council and Commission's first assignment of error is correct in that the trial court erred in concluding that the regulations promulgated concerning the revocation of certificates was invalid. Since our conclusion requires that we reverse, and remand this matter to the trial court for further proceedings consistent with this opinion, it is not necessary that we address the Council and Commission's remaining assignments of error in this case, nor is it necessary that we address the cross-appeal by Hauser.

The trial court did not make a finding with regard to the code of ethics, the canons of police ethics, and the general rules of conduct. In this case, we conclude that the better course would be to remand this entire cause to the trial court rather than try to decide, piecemeal, parts of it.

## CONCLUSION

For the reasons set out above, we hereby reverse the decision of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.