STEVEN J. HAUSER, APPELLANT AND CROSS-APPELLEE, V.
NEBRASKA POLICE STANDARDS ADVISORY COUNCIL AND
NEBRASKA COMMISSION ON LAW ENFORCEMENT AND
CRIMINAL JUSTICE, APPELLEES AND CROSS-APPELLANTS.

653 N.W.2d 240

Filed November 22, 2002.    No. S-01-476.

R. Bradley Dawson, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
For the second time, we consider issues raised by the revocation of Steven J. Hauser's law enforcement certificate. Hauser's certificate was revoked by the Nebraska Police Standards Advisory Council (Council), an action later approved by the Nebraska Commission on Law Enforcement and Criminal Justice (Commission).

After the revocation, Hauser filed two separate petitions in the district court for Hall County. In the first, docketed as case

No. CI00-923 in the district court, Hauser alleged that the actions of the Council violated Neb. Rev. Stat. § 84-1413 (Reissue 1999) of Nebraska's public meetings laws, Neb. Rev. Stat. § 84-1408 et seq. (Reissue 1999 & Cum. Supp. 2002). In Hauser's other petition, case No. CI00-983 in the district court, he challenged the statutory authority of the Council and Commission to revoke his certificate.

In case No. CI00-983, the district court reversed the revocation, finding that the Commission acted in excess of its statutory authority. In case No. CI00-923, the district court concluded that there could be no violation of the public meetings laws where the hearings had already been found in case No. CI00-983 to be a nullity.

On appeal, we reversed the district court's decision entered in case No. CI00-983 and remanded the cause. See *Hauser v. Nebraska Police Stds. Adv. Council, ante* p. 605, 650 N.W.2d 760 (2002). Hauser now appeals the district court's decision entered in case No. CI00-923.

## BACKGROUND

On February 24, 2000, the Nebraska Law Enforcement Training Center filed an administrative complaint with the Council seeking to revoke Hauser's law enforcement certificate. A hearing on the matter was held by the Council on August 21 through 23. At the start of the hearing, the acting chairman of the Council indicated that the hearing was closed, as requested by Hauser.

The hearing before the Council was bifurcated. The first stage of the hearing addressed whether the Council had jurisdiction to consider the complaint and revoke Hauser's certificate. After all the evidence was received, the acting chairman stated that "we will entertain a motion to go into executive session to make a determination." The next notation in the bill of exceptions indicates that a discussion was held off the record and that the Council was in recess from 4:10 to 7:40 p.m. After returning from the recess, the acting chairman announced in the presence of Hauser and his counsel that

in regard to the jurisdiction and authority interest, it's by full consensus of the Police Standards Council, it's been

determined that we do have the authority and jurisdiction to hear the decertification of Mr. Steven Hauser. The findings will follow with the final memorandum in order at the completion of this hearing.

Hauser did not object to any perceived public meetings laws violations at that time.

The Council immediately proceeded to the second stage of the hearing for consideration of the merits of the complaint. Various miscellaneous matters were resolved before the Council adjourned for the evening. The next day, the Council received evidence until late afternoon. After closing arguments were made by each party, the acting chairman stated:

We're going to directly go to executive session. I'm not sure that we're going to have — even though it's 4:30, I don't know if we'll have enough time to arrive at any type of decision tonight. I would like to reconvene at 9 o'clock in the morning. Any problems with that?

The parties answered no, and the Council adjourned at 4:35 p.m. The bill of exceptions next indicates that on August 23, at 9:25 a.m., the acting chairman announced that it was the unanimous decision of the Council to recommend to the Commission that Hauser's law enforcement certificate be revoked. The acting chairman also stated that a written report and recommendations would follow. The record on appeal includes a written report of the Council's findings and conclusions, signed by the acting chairman and dated September 18, 2000. Again, Hauser and his counsel were present for the announcement of the Council's decision, and no objection was made.

After the Council's actions, the matter was forwarded to the Commission, where a hearing was held on October 27, 2000. The Commission's hearing was closed on the vote of the Commission members, evidence was received, and the Commission went into executive session to deliberate the matter. The Commission continued its deliberations in executive session on November 1. That afternoon, the Commission returned to open session and voted to revoke Hauser's law enforcement certificate.

Hauser filed two petitions in district court seeking to overturn the revocation of his certificate. In case No. CI00-923, Hauser alleged that the Council's actions violated § 84-1413 of

the public meetings laws and were thus void under § 84-1414. In case No. CI00-983, Hauser alleged, among other things, that the actions of the Council and the Commission were made in excess of their statutory authority or jurisdiction. Also alleged in this petition was that the Council and Commission violated § 84-1413.

On March 30, 2001, the district court entered orders in each case. In case No. CI00-983, the district court reversed the revocation of Hauser's law enforcement certificate. The court found that the Commission acted beyond its statutory authority, that the Commission's decision was based upon unlawful procedure, and that the Council did not promulgate any rules and regulations governing the revocation. This order was later reversed, and the cause remanded by this court in *Hauser v. Nebraska Police Stds. Adv. Council, ante* p. 605, 650 N.W.2d 760 (2002), where we held that the rules and regulations were valid.

In the order entered in case No. CI00-923, the district court concluded that because the decision in case No. CI00-983 was null and void, there could not be a violation of the public meetings laws. Hauser appeals from this decision, and the Council and Commission (collectively the appellees) cross-appeal. We moved the case to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Hauser assigns, rephrased, that the district court erred in finding that the Council did not violate § 84-1413 of the public meetings laws.

On cross-appeal, the appellees claim the district court erroneously concluded that the revocation proceedings were without the authority of law and a nullity.

## STANDARD OF REVIEW

■■■ Actions for relief under the public meetings laws are tried as equitable cases, given that the relief sought is in the nature of a declaration that action taken in violation of the laws is void or voidable. Thus, the approach taken is that such cases are tried and reviewed by the appellate courts as equity cases. *Wasikowski v. Nebraska Quality Jobs Bd., ante* p. 403, 648 N.W.2d 756 (2002). In an appeal of an equitable action, an appellate court tries factual questions de novo on the record, provided

that where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## ANALYSIS

Hauser claims that the Council violated § 84-1413 of the Nebraska public meetings laws. Hauser concedes that the Council was entitled to deliberate in executive session after each phase of the hearing. However, to comply with § 84-1413, Hauser argues that the Council should have conducted a rollcall vote on the question of whether to exit executive session after such question had been properly moved and seconded. Then, Hauser claims that the Council should have conducted a rollcall vote in open session on the question of whether the Council had jurisdiction to revoke Hauser's law enforcement certificate after that question had likewise been properly moved and seconded. Hauser contends that similar actions were required of the Council after the second phase of the hearing. Although Hauser fails to identify which provision of § 84-1413 was violated, in light of these arguments, we analyze this case under § 84-1413(2), which provides in relevant part: "Any action taken on any question or motion duly moved and seconded shall be by roll call vote of the public body in open session, and the record shall state how each member voted or if the member was absent or not voting."

We have previously held that the failure to timely object to purported public meetings laws violations prevents parties from asserting such violations to this court. In *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992), we stated that any person who has notice of a meeting and attends the meeting must object specifically to the lack of public notice at the meeting, or be held to have waived his or her right to object on that ground at a later date. See, also, *Witt v. School District No. 70*, 202 Neb. 63, 273 N.W.2d 669 (1979); *Alexander v. School Dist. No. 17*, 197 Neb. 251, 248 N.W.2d 335 (1976). A timely objection will permit the public body to remedy its mistake promptly and defer formal action until the required public notice can be given. *Otey v. State, supra; Witt v. School District No. 70, supra; Alexander v. School Dist. No. 17, supra.*

In *Wasikowski v. Nebraska Quality Jobs Bd., ante* p. 403, 648 N.W.2d 756 (2002), we extended this principle to prevent a party from arguing that a public body failed to properly convene a closed session. In that case, several plaintiffs challenged the Nebraska Quality Jobs Board's decision to approve an application for wage benefit tax credits under the Quality Jobs Act, Neb. Rev. Stat. § 77-4901 et seq. (Reissue 1996 & Cum. Supp. 2002). One of the plaintiffs attended the board's meeting where it considered the application in closed session; however, the plaintiff did not object to the board's convening a closed session.

■ *Wasikowski* dealt with a purported closed session violation under § 84-1410, and not with a lack of sufficient public notice under § 84-1411. We held, however, that under the logic of *Otey* and *Witt,* "[i]f a person present at a meeting observes an alleged public meetings laws violation in the form of an improper closed session and fails to object, that person waives his or her right to object at a later date." *Wasikowski v. Nebraska Quality Jobs Bd., ante* at 417, 648 N.W.2d at 768.

Hauser claims the Council violated § 84-1413(2); however, Hauser's failure to object acts as a waiver of this argument. Hauser never objected to the lack of a rollcall vote when the Council exited executive sessions. He also never objected to the lack of a rollcall vote when the Council announced its decision after each phase of the bifurcated hearing. Our decisions in *Otey v. State, supra,* and *Wasikowski v. Nebraska Quality Jobs Bd., supra,* dealt with purported violations of §§ 84-1411 and 84-1410, respectively. However, we made it clear in *Wasikowski* that each of those provisions relate to § 84-1414, under which citizens may commence lawsuits regarding compliance with or violations of the public meetings laws. Section 84-1413 is equally related to § 84-1414. "Thus, despite the difference in grounds for objection," the logic of *Wasikowski* applies in this case: If a person present at a meeting observes and fails to object to an alleged public meetings laws violation in the form of a failure to conduct rollcall votes before taking action on questions or motions pending, that person waives his or her right to object at a later date. See *Wasikowski v. Nebraska Quality Jobs Bd., ante* at 417, 648 N.W.2d at 768. Had Hauser made a proper objection,

the Council could easily have considered the purported shortcomings of its proceedings.

In his brief to this court, Hauser also identifies § 84-1410 as a provision the Council violated. However, in his petition filed in case No. CI00-923, the only statute identified by Hauser that the Council violated was § 84-1413. Where a particular theory of the case is not stated in a plaintiff's petition, he or she cannot raise it for the first time on appeal. *Wait v. Cornette*, 259 Neb. 850, 612 N.W.2d 905 (2000).

The district court correctly rejected Hauser's public meetings laws argument, albeit for reasons different than those articulated here. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002). Because of our conclusion in this case, we need not address the appellees' cross-appeal.

## CONCLUSION

Hauser's failure to object to an alleged violation of § 84-1413 by the Council waives his right to make that argument to this court. Therefore, the decision of the district court is affirmed.

AFFIRMED.